417 So.2d 111 (1982)
Robert C. TILLMAN, Plaintiff-Appellant,
v.
Dr. Isiah J. LAWSON,[1] Defendant-Appellee.
No. 8843.
Court of Appeal of Louisiana, Third Circuit.
July 2, 1982.
*112 Darrel D. Ryland, Marksville, for plaintiff-appellant.
Harry A. Hammill, Alexandria, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
CUTRER, Judge.
This appeal emanates from a malpractice suit filed against a dentist.
Robert C. Tillman consulted Dr. Isaiah Lawson, a dentist, for repair of his upper front four teeth. Following the repair work Tillman developed an acute abscess in the area of repair. Further dental work was performed by a Dr. Robert Johnson to relieve the pain caused by the abscess. Tillman filed suit against Dr. Lawson contending that Dr. Lawson "failed to exercise the standard of care in rendering professional services to the same degree of skill ordinarily employed under similar circumstances by the members of that specialty in good standing." From an adverse judgment by the trial judge, plaintiff appeals. We affirm.
The issue presented on appeal is whether the trial court erred in concluding that Tillman had failed to meet his burden of proof.

FACTS
Tillman was performing with a musical group known as "Wisdom." He decided that, for cosmetic purposes, he needed to have his upper four front teeth refilled. His friend, Mrs. Peggy Wallace, of Marksville, Louisiana, recommended Dr. Lawson of Alexandria. Pursuant to an appointment made by Mrs. Wallace, Tillman consulted Dr. Lawson on Friday, July 27, 1979.
Dr. Lawson testified that Tillman informed him of the cosmetic reason for the dental repair work. Upon examination Dr. Lawson found the four upper front teeth to be decaying and the prior fillings needed replacing. He also found that Tillman had poor oral hygiene, in that, the gum tissues were diseased to some extent. After observing these conditions, Dr. Lawson took "bitewing" x-rays[2] in order to ascertain if there were any pathological problems in the area of the subject teeth. Dr. Lawson stated that a permanent type x-ray (Panorex) was not indicated for the type of work he intended to perform. He testified that the "bitewing" x-ray examination before filling teeth is the procedure that is normally accepted and is commonly used by dentists in the Alexandria area.
Dr. Lawson stated that his clinical examination along with a viewing of the x-rays did not reveal any evidence of the existence of a cystic sac or pus at the apex of any of the roots of the teeth in the area. He *113 explained that if the existence of such a cystic sac or pus in the area would have been found, this would indicate that, instead of refilling the teeth, a root canal procedure would have been proper. Having found no such condition existing, Dr. Lawson informed Tillman that the cosmetic work could be achieved by either of three methods: (1) remove the existing fillings and refill; (2) extract the teeth and replace them with a partial bridge; or (3) root canal therapy along with a capping of the teeth. Tillman stated that he may consider the second or third methods at some later time, but he preferred at the time to have the teeth refilled. Dr. Lawson proceeded with the filling of the teeth without incident.
The following day, Tillman's jaw was swelling and he was in pain. A telephone call to Dr. Lawson resulted in the dentist calling a drug store in Marksville and prescribing medication for the condition. The next day, July 29th, Tillman saw Dr. Robert Johnson, a dentist in Marksville, complaining of pain and swelling in the area of the teeth that had been worked upon.
Dr. Johnson stated that when he saw Tillman, he found that an abscess had manifested itself in the area of the upper lateral incisor. He relieved the problem by draining the area. Tillman was seen by Dr. Johnson the following day. Dr. Johnson took x-rays which confirmed the existence of an acute abscess in the area. This condition indicated that a chronic abscess condition had existed in the area for an extended period of time which had manifested itself. Two of the teeth appeared to be non-vital due to a nerve loss. Dr. Johnson did not perform any dental work on this occasion, but prescribed medication.
Tillman saw Dr. Johnson on September 10, 1979. Tillman stated that he had incurred some intermittent swelling since he had last seen Dr. Johnson on July 30th. Dr. Johnson again took x-rays and proceeded with performing root canal therapy on three of the teeth. This work was done on visits of September 10, 11, 14 and 22, 1979. During this procedure, Tillman incurred swelling in the area caused by flare-ups of the abscess.
Dr. Johnson next saw Tillman on January 29, 1980. Tillman was complaining of periodic swelling in the palatal area. Dr. Johnson recommended that Tillman see an oral surgeon. This was the last time Dr. Johnson saw Tillman.
Dr. Johnson expressed the opinion that Dr. Lawson failed in his duty to Tillman by rendering a "misdiagnosis" of the condition. Dr. Johnson felt that Dr. Lawson should have diagnosed the existence of the chronic abscess. Dr. Johnson was of the opinion that this misdiagnosis led to improper treatment by Dr. Lawson.
The question arises as to whether Dr. Lawson was negligent in his examination and diagnosis of Tillman's condition.
A plaintiff's burden of proof in a medical malpractice suit is set out in La.R.S. 9:2794 which states, in pertinent part:
"A. In a malpractice action based on the negligence of a physician licensed under R.S. 37:1261 et seq., or a dentist licensed under R.S. 37:751 et seq., the plaintiff shall have the burden of proving:

(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians or dentists licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances: ...[3]
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill, and

(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred." *114 The statute also provides that injury alone does not raise a presumption of the physician's (dentist's) negligence.
As to the diagnostic duties required of a dentist or a physician, an error of diagnosis is not malpractice per se. A physician or dentist is not obligated to always be correct in making a diagnosis. A diagnosis is an act of professional judgment and, in case of a misdiagnosis, malpractice exists only if it results from a failure by a physician or dentist to exercise the standard or degree of care in diagnosing which would have been exercised by a member of his profession in good standing in his locality, under similar circumstances. Borne v. Brumfield, 363 So.2d 79 (La.App. 4th Cir. 1978).
Also, 70 C.J.S. Physicians and Surgeons § 48, page 961, states:
"... Whether a physician was negligent in making a diagnosis must be determined in light of conditions existing and facts known at the time thereof, and not in the light of knowledge gained through subsequent developments...."
With these principles in mind, we must determine whether Dr. Lawson was negligent in failing to diagnose a dormant chronic abscess condition in the area of the subject teeth.
This issue was before the trial court as a result of the testimony of Dr. Johnson. This dentist arrived at his conclusion of "misdiagnosis" by Dr. Lawson, based upon what he saw when Tillman consulted him two days after Dr. Lawson's diagnosis and procedure. At that time, the dormant chronic infection had manifested itself by swelling and causing pain. Such condition was apparent to Dr. Johnson upon observation and the x-rays confirmed the clinical findings. Dr. Johnson stated that the existence of the dormant abscess pre-dated the work of Dr. Lawson. He also testified that a dormant abscess condition could become acute at any time. He could not say that the manifestation of the condition was caused by the filling of the teeth by Dr. Lawson. The manifestation could have resulted from several other causes. He felt that the dental work could possibly have caused the manifestation or it could have been merely a coincidence. Based upon his findings, Dr. Johnson concludes that Dr. Lawson was negligent in not detecting the condition.
Dr. Johnson testified that he did not know what procedure Dr. Lawson used in making his diagnosis nor did he know what the conditions were at the time of Dr. Lawson's examination. He did not criticize the use of the "bitewing" x-ray as a method of examination nor did he have an opportunity to examine the x-rays taken by Dr. Lawson. Dr. Johnson based his conclusion on knowledge gained through developments that occurred after Dr. Lawson's examination and dental work.
Dr. Lawson stated that when he examined Tillman there were no clinical signs of the presence of the chronic, dormant abscess. There were no pockets of pus present along the gums, nor was there any excretion of pus from them. His x-rays did not indicate a cystic sac or a dormant abscess situation. Dr. Lawson stated that if such a condition would have been indicated to him he would not have filled the teeth but would have used the root canal therapy.
As we examine the record in light of the authorities cited heretofore, we conclude that Tillman has failed to prove that Dr. Lawson was negligent in his diagnosis or that he failed to meet the required standard of knowledge, skill and care as set forth in LSA-R.S. 9:2794.
The evidence preponderates that a chronic infection existed prior to Dr. Lawson's examination and diagnosis, but we do not deem him negligent in his examination and diagnosis. It is undisputed that the method of examination utilized by Dr. Lawson was the method of examination customarily used by the dental profession in the locality of Alexandria, Louisiana. Dr. Lawson found no signs of the chronic infection condition of the area. His diagnosis, after such examination, is an act of professional judgment and the failure to diagnose the condition under the circumstances, does not elevate *115 the diagnosis of Dr. Lawson to that of negligence. We find no manifest error when the trial court rendered judgment rejecting Tillman's demands.
For these reasons, the judgment of the trial court is affirmed. The plaintiff-appellant is to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] The proper spelling of defendant's name is "Dr. Isaiah J. Lawson."
[2] "Bitewing" x-rays are made by placing the small film behind the teeth as the x-ray is taken. It takes about 35 seconds to develop for reading. These x-rays are not processed for a permanent record.
[3] Dr. Lawson was a general practitioner, thus, the "specialty" provisions of the statute are not applicable and are deleted.