423 So.2d 717 (1982)
Belinda Dyson Chaney, Wife of/and Joe CHANEY
v.
STATE of Louisiana, Through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES, et al.
No. 82 CA 0029.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
Writ Granted January 10, 1983.
Leon D. Jackson, Baton Rouge, for plaintiffs-appellants.
Duncan S. Kemp, III, Hammond, for defendants-appellees.
Before PONDER, SAVOIE and ELLIS, JJ.
PONDER, Judge.
Plaintiffs appealed from the judgment of the trial court dismissing their medical malpractice suit on a peremptory exception of prescription.
The sole issue is the peremption of plaintiffs' cause of action under LSA-R.S. 9:5628. We affirm.
Plaintiff, Belinda Dyson Chaney, received an appendectomy at Lallie Kemp Charity Hospital on June 20, 1977. She was released two days later. Repeated efforts to *718 discover the cause of severe abdominal pains starting in the summer of 1978 proved futile and it was not until January 30, 1981, that the trouble was diagnosed as extensive abdomino-pelvic adhesions, resulting from the 1977 surgery. On February 4, 1981, plaintiff underwent surgery to repair the adhesions. This suit was filed on May 11, 1981.
The exception was tried on the face of the pleadings. The trial judge maintained the exception and dismissed the suit.
The prescriptive period for a medical malpractice action is found in LSA-R.S. 9:5628 which provides, in pertinent part:
"A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of alleged act, omission or neglect." (Emphasis added.)
The alleged acts of malpractice occurred on or about June 20, 1977. Plaintiffs filed suit more than three years thereafter. In an effort to avert the dismissal of their suit, plaintiffs invoked the doctrine of contra non valentem agere nulla currit praescriptio. However, the statute is explicit and has no latitude for the application of the maxim. Plaintiffs' cause of action is perempted.
For the above reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.