432 So.2d 256 (1983)
Belinda Dyson Chaney, wife of/and Joe CHANEY
v.
STATE of Louisiana, Through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES, et al.
No. 82-C-2773.
Supreme Court of Louisiana.
May 23, 1983.
Rehearing Denied June 24, 1983.
*257 Leon D. Jackson, Baton Rouge, for applicant.
Duncan S. Kemp, III, Hammond, Authur Massez, for respondent.
MARCUS, Justice.
On May 11, 1981, Belinda Dyson Chaney and her husband, Joe Chaney, filed this medical malpractice action for damages against Dr. Eliseo Richardo Puig, Dr. Wayne Bloodsworth, Dr. Kenneth Brewerton, and the State of Louisiana, through the Department of Health and Human Resources, individually and as the employer of the said doctors.
Plaintiffs alleged in their petition that on or about June 20, 1977, Mrs. Chaney, then an unmarried minor, was admitted to the Lallie Kemp Charity Hospital, which was owned and operated by the State of Louisiana, for what she understood to be the removal of her appendix. She did not remember signing a consent form for the operation nor was a form signed by her mother. She was operated on by Drs. Puig, Bloodsworth and Brewerton. When the operation was completed, Mrs. Chaney's mother was shown the parts of the body removed and was told that her daughter would be unable to bear children. In addition, she was told that everything had been explained to her daughter. Mrs. Chaney was released from the hospital on June 26, 1977. In the summer of 1978, Mrs. Chaney began to experience severe abdominal pain and returned to Lallie Kemp Charity Hospital for treatment. During the remainder of that year, she went to the hospital about eight times for abdominal pain and was referred to the gynecology clinic where, after being asked as to the location of the pain, she was given a prescription and sent home, all without examination. In 1979, Mrs. Chaney returned to the hospital about six times complaining of the abdominal pain and received the same treatment. During the summer of 1979, Mrs. Chaney sought treatment from a different medical source for her continuing abdominal pain. At this time, she discovered that she had had two abscesses on her womb and was informed that a hysterectomy had been performed on her in 1977. She continued to suffer from abdominal pain and on January 30, 1981, she consulted Dr. Brustowicz who, after examination, informed her that whoever performed this surgery on her at the Lallie Kemp Charity Hospital in 1977 left part of the intestine in her stomach resulting in adhesions and that her pain was a result of this act. On February 4, 1981, Dr. Brustowicz performed a diagnostic laparoscopy, an exploratory laparotomy, an extensive adhesiotomy and an omentectomy on Mrs. Chaney. His post-operative diagnosis was that Mrs. Chaney was suffering from extensive abdominopelvic adhesions.
Plaintiffs asserted that defendants negligently performed surgery on Mrs. Chaney during the course and scope of their employment *258 causing her to suffer abdominal pain for two and one-half years. They further averred that defendants had violated the duty of care owed to Mrs. Chaney by delivering medical care that was below the standard of good medical practice.
Defendants filed a peremptory exception of prescription based on La.R.S. 9:5628. The exception was tried without introduction of evidence thereon. The trial judge rendered judgment sustaining the exception and dismissing plaintiffs' suit at their costs. The court of appeal affirmed.[1] On plaintiffs' application, we granted certiorari to review the correctness of that judgment.[2]
Plaintiffs contend the court of appeal erred in affirming the judgment of the trial judge sustaining the exception of prescription and dismissing their suit. They argue that prescription did not begin to run until Mrs. Chaney discovered the cause of her abdominal pain on January 30, 1981.
The applicable statute on prescription for actions for medical malpractice is La.R.S. 9:5628 which provides:
A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
Under this statute, plaintiffs' causes of action for damages arising out of the 1977 operation on Mrs. Chaney and/or the lack of consent thereto have clearly prescribed. The statute provides that "in all events" the action must be filed within three years from the date of the alleged act, omission or neglect. In the instant case, the alleged acts, omissions or neglect giving rise to these causes of action occurred sometime between June 20-26, 1977, when the operation took place. Mrs. Chaney alleges that she did not discover that a hysterectomy had been performed until the summer of 1979. Plaintiffs' suit was filed on May 11, 1981, more than three years and ten months from the acts complained of and more than one year after she discovered that a hysterectomy had been performed without her or her mother's consent.
Despite the clear words of the statute, plaintiffs contend that we should apply the doctrine of contra non valentem agere nulla currit praescriptio so as to prevent the running of prescription under La.R.S. 9:5628 until Mrs. Chaney had knowledge of her cause of action on January 30, 1981. We disagree.
At the time plaintiffs' action was filed, La.Civ.Code art. 3521 provided that: "[p]rescription runs against all persons, unless they are included in some exception established by law."[3] Despite this express statutory provision, our Louisiana jurisprudence has recognized a limited exception where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues. The exception is founded upon the ancient civilian doctrine of contra non valentem agere nulla currit praescriptio.[4] In Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979), we set forth the categories of situations in which this doctrine applies so as to prevent the running of *259 liberative prescription: (1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting; (3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. (This principle will not except the plaintiff's claim from the running of prescription if his ignorance is attributable to his own willfulness or neglect; that is, a plaintiff will be deemed to know what he could by reasonable diligence have learned.)
Prior to the enactment of La.R.S. 9:5628, medical malpractice claims were subject to a one-year prescriptive period, commencing to run from the date the injured party discovered or should have discovered the existence of facts that would enable him to bring suit. La.Civ.Code arts. 3536, 3537; Lott v. Haley, 370 So.2d 521 (La.1979). Thus, where applicable, the fourth exception to the running of prescription noted in Corsey, supra, was invoked in medical malpractice suits. La.R.S. 9:5628 expressly incorporates this exception by providing that the action shall be brought "within one year from the date of discovery of the alleged act, omission or neglect." However, the legislature has also expressly provided that "in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect." Accordingly, by enacting La.R.S. 9:5628, the legislature has in a limited manner legislatively overruled the fourth exception of the judicially-created doctrine of contra non valentem as it applies to actions for medical malpractice filed more than three years from the date of the act, omission or neglect.
Plaintiffs have not alleged any acts which would invoke the other three exceptions to the running of prescription noted in Corsey; hence, whether or not they too have been legislatively overruled by La.R.S. 9:5628 is not before us. Accordingly, the court of appeal did not err in affirming the judgment of the trial court sustaining defendants' exception of prescription based on La. R.S. 9:5628 with regard to plaintiffs' causes of action for damages arising out of the 1977 operation and/or the lack of consent thereto.
However, a review of plaintiffs' petition reveals that they have set forth a cause of action independent from their claims arising out of the operation and/or the lack of consent thereto. Plaintiffs alleged that in the summer of 1978, Mrs. Chaney began to experience severe abdominal pain and returned to the Lallie Kemp Charity Hospital for treatment. During the remainder of that year and in 1979, she went to the hospital complaining of this pain and was referred to the gynecology clinic where, after being asked as to the location of the pain, she was given a prescription and sent home, all without examination. Plaintiffs also asserted that defendants violated the duty owed Mrs. Chaney by delivering medical treatment below the standard of good medical practice. Such allegations set forth a cause of action for medical malpractice for misdiagnosis and/or failure to properly treat Mrs. Chaney. See Tillman v. Lawson, 417 So.2d 111 (La.App. 3rd Cir.1982); Borne v. Brumfield, 363 So.2d 79 (La.App. 4th Cir.1978); Lauro v. Travelers Insurance Company, 261 So.2d 261 (La.App. 4th Cir.1972), writ denied. In further support of our conclusion that the above allegations sufficiently set forth an independent cause of action, we note that plaintiff sued the State of Louisiana through the Department of Health and Human Resources, both individually and as the employer of the doctors who allegedly performed the negligent operation and/or failed to obtain consent thereto.
Under La.R.S. 9:5628, this cause of action has not prescribed. Defendants' alleged acts of malpractice occurred in the summer of 1978 and in 1979. Suit was filed on May 11, 1981. Although the suit was *260 not filed within one year of the acts complained of, plaintiffs' petition alleges that Mrs. Chaney had no knowledge of the cause of her abdominal pain until January 30, 1981. Accordingly, plaintiffs' suit was filed within one year from the date of discovery and within three years from the alleged act, omission or neglect. Hence, it has not prescribed on the face of the pleadings. Therefore, the court of appeal erred in affirming the judgment of the trial judge dismissing plaintiffs' suit insofar as this independent cause of action is concerned.

DECREE
For the reasons assigned, the judgment of the court of appeal affirming the judgment of the trial judge sustaining defendants' exception of prescription is affirmed insofar as it relates to plaintiffs' causes of action for damages arising out of the 1977 operation and/or the lack of consent thereto. The judgment of the court of appeal affirming the judgment of the trial judge sustaining the exception of prescription and dismissing plaintiffs' suit is reversed insofar as it relates to plaintiffs' independent cause of action for damages for the alleged misdiagnosis and/or failure to properly treat. The case is remanded to the district court for further proceedings consistent with the views herein expressed.
DENNIS, J., concurs and assigns reasons.
DENNIS, Justice, concurring.
I respectfully concur in the majority's opinion. La.R.S. 9:5628 prevents the application of the doctrine of contra non valentem agere nulla currit praescriptio to extend a cause of action beyond three years past the acts complained of.
However, the majority opinion correctly does not address the difficult question of whether this provision is unconstitutional as violative of Article 1 sections 2 and 22 of the Louisiana Constitution. The plaintiff did not raise this issue before us, and therefore, it is reserved for future consideration.
NOTES
[1] 423 So.2d 717 (La.App. 1st Cir.1982).
[2] 425 So.2d 769 (La.1983).
[3] La.Civ.Code art. 3521 was repealed by La. Acts 1982, No. 187, effective January 1, 1983. La.Civ.Code art. 3467 now provides that "[p]rescription runs against all persons unless exception is established by legislation."
[4] Prescription does not run against a party unable to act.