In this medical malpractice suit resulting from the birth of a child, with Erb’s Palsy, defendant-relator, an obstetrician, seeks supervisory writs from the trial court’s denial of his exception of prescription. According to relator, plaintiffs’ suit filed on December 16, 1986 was untimely under LSA-R.S. 9:5628 where plaintiffs were notified from the time of their child’s birth on December 17, 1984, that there was a problem with the child’s left arm. Furthermore, according to relator, plaintiffs had at least constructive knowledge of a potential tort more than one year prior to filing suit, as evidenced by their telephone calls to the defendant physician as early as January, 1985, when they asked him whether or not. he had used forceps at the delivery.
In opposition to the writ application, plaintiff-respondents contend that although they were aware of a problem with their daughter’s arm after her birth, they neither knew nor could have reasonably discovered their cause of action against the defendant doctor until their suspicions were aroused in February, 1986, when their outstanding hospital bill was suddenly can-celled without payment. Plaintiffs point out that the defendant. doctor told them after their daughter’s birth that her condition may have been caused by “excess pressure on the uterus” and assured them he had seen similar injuries in “thousands of cases” and that the injury would not be permanent. Respondents further note that they administered physical therapy to their daughter with limited success for several months as directed and had no reason to believe that the defendant-doctor had done anything wrong until their suspicions were aroused with the cancellation of the hospital bill.
The application and response considered, we find no error in the trial court’s denial of the exception of prescription. Although plaintiffs were aware of their daughter’s condition following her birth, prescription did not run against them as long as it was reasonable for them not to recognize that the condition was related to any alleged malpractice. Griffin v. Kinberger, 507 So. 2d 821 (La.1987); Poole v. Physicians & Surgeons Hosp., 516 So.2d 1185 (La.App. *2 2nd Cir.1987), writ denied 519 So.2d 127 (La.1988). Under the circumstances in the instant case, we hold that the trial judge properly concluded that Mrs. Chatman had no reason to doubt her faith in the defendant-physician until her suspicions were raised by the cancellation of the hospital bill.
We distinguish Percy v. State of Louisiana, 478 So.2d 570 (La.App. 2nd Cir.1985) relied on by defendant. In Percy, a cause of action for an infant’s paralysis was immediately discoverable at birth where the parent knew that a Caesarean delivery had not been performed as previously indicated to the mother by a physician. In the instant case, however, plaintiffs had no such reason to believe that the negligence of any physician had caused their daughter’s condition.
Accordingly, the application is denied.