599 So.2d 909 (1992)
Neil BAUM, M.D.
v.
Morris CATO.
No. 91-CA-2081.
Court of Appeal of Louisiana, Fourth Circuit.
May 28, 1992.
Michael R. Connelly, Baton Rouge, for defendant/appellant.
Harold A. Thomas, Katherine B. Muslow, Thomas, Hayes and Beahm, New Orleans, for plaintiff/appellee.
*910 Before BARRY, KLEES and PLOTKIN, JJ.
BARRY, Judge.
Morris Cato's medical malpractice lawsuit was dismissed on an exception of prescription raised by Dr. Neil Baum.[1] Mr. Cato argues that his claim has not prescribed under La. R.S. 9:5628.
On June 22, 1987 Dr. Baum inserted a penile implant into Mr. Cato. Mr. Cato experienced pain and on August 19, 1987 Dr. Baum performed a second surgery which was unsuccessful. Dr. Baum continued treatment to no avail and last saw Mr. Cato on August 17, 1989.
A physician in Baton Rouge performed surgery on January 18, 1990 to remove the implant. Shortly thereafter that physician informed Mr. Cato that his condition resulted from the improper insertion of the implant by Dr. Baum. Mr. Cato sued Dr. Baum on November 28, 1990.

LA. R.S. 9:5628
La. R.S. 9:5628 states in part:
No action for damages for injury or death against any physician, ... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year of the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
Mr. Cato submits several theories to bring his claims within the parameters of the statute. He contends that Dr. Baum's treatment constituted continuing malpractice from June 22, 1987 (the first surgery) until August 17, 1989 (his last visit with Dr. Baum). He argues that the three year prescriptive period in La. R.S. 9:5628 did not begin until August 17, 1989.
Mr. Cato cites Chaney v. State Through D.H.H.R., 432 So.2d 256 (La.1983) and also argues that his allegations of misdiagnosis and violation of the standard of the care set forth an independent cause of action which relates to the treatment by Dr. Baum which ended on August 17, 1989. Thus, the three-year prescriptive period did not begin until that date.
Mr. Cato further contends that the one year prescription did not start until January, 1990 when he was informed that the implant had been improperly inserted.
In Chaney the plaintiff had a hysterectomy in June, 1977 without her knowledge or consent. From the summer of 1978 through the summer of 1979 Mrs. Chaney sought treatment at the same hospital for severe abdominal pain. She was given a prescription and sent home without examination. During the summer of 1979 Mrs. Chaney sought treatment elsewhere and learned for the first time that a hysterectomy had been performed in 1977. Part of her intestine had been left in her stomach which caused adhesions and abdominal pain. Mrs. Chaney filed suit more than three years after surgery and the trial court dismissed her complaint under La. R.S. 9:5628. The Supreme Court affirmed the dismissal as to the claim pertaining to the 1977 operation. However, the Court held that Mrs. Chaney had alleged a cause of action independent from the claims arising out of the operation.
Plaintiffs ... asserted that defendants violated the duty owed Mrs. Chaney by delivering medical treatment below the standard of good medical practice. Such allegations set forth a cause of action for medical malpractice for misdiagnosis and/or failure to properly treat Mrs. Chaney.
Id., at 259.
The court concluded that the misdiagnosis and/or failure to properly treat Mrs. Chaney had not prescribed under La. R.S. 9:5628. The original alleged acts of malpractice occurred from the summer of 1978 through the summer of 1979. Suit was filed May 11, 1981 because Mrs. Chaney did *911 not have knowledge of the subsequent malpractice until January 30, 1981. Her suit was filed within one year from the date of discovery and within three years from the alleged act, omission or neglect. Id. at 259, 260.
Dr. Baum performed surgery on Mr. Cato on June 22, 1987 and again on August 19, 1987. Suit was filed on November 28, 1990, thus claims against Dr. Baum arising out of those operations are prescribed under La. R.S. 9:5628. Mr. Cato experienced problems after the second surgery and continued treatment with Dr. Baum until August 17, 1989. According to Mr. Cato's petition, Dr. Baum failed to determine that his problem was the result of improper insertion of the implant.
As in Chaney, Mr. Cato alleged that Dr. Baum failed "... to properly diagnose and treat petitioner's subsequent problems ..." and failed "... to conform to the standards of care and confidence of physicians and health care providers in the community." Mr. Cato asserted an independent cause of action for misdiagnosis and/or failure to properly treat.
Mr. Cato alleges that he did not learn that the improper implant caused his pain until he was informed by another physician in January, 1990. The mere apprehension that something is wrong will not begin prescription under La. R.S. 9:5628. In Re Medical Review Panel of Howard, 573 So.2d 472 (La.1991); Cordova v. Hartford Accident and Indemnity Co., 387 So.2d 574 (La.1980). Mr. Cato's confidence in Dr. Baum is evidenced by his continued treatment for two years after Dr. Baum's second surgery. Mr. Cato cannot be charged with knowledge that the implant had been improperly inserted until he was so informed by the other doctor. See Cordova at 577.
Accordingly, Mr. Cato's suit was filed within one year of the date of discovery and within three years of his last visit to Dr. Baum. The trial court erred by dismissing this matter.
The judgment of the trial court is affirmed as it relates to Mr. Cato's cause of action arising out of the 1987 operations. The judgment of the trial court sustaining the exception of prescription is reversed as to the independent cause of action for the alleged misdiagnosis and/or failure to properly treat. The case is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
NOTES
[1] The record incorrectly styled this matter Baum v. Cato rather than Cato v. Baum.