| t BARRY, Judge.
Touro Infirmary seeks supervisory review of the denial of its exception of prescription. Dr. Brown’s alleged negligent act of attaching a pressure device to the head of Ms. Stevenson’s daughter, Laquetta, occurred during the child’s delivery at Touro on August 7, 1987. Ms. Stevenson filed a medical malpractice complaint with the Commissioner of Insurance on May 14, 1990 and a petition for damages on May 16, 1990 (alleging injuries to Laquetta’s head which prevented hair growth).[1]
Touro argues that the suit was not filed within one year from the date of the alleged act, omission or neglect or within one year from the date of discovery of the alleged act, omission or neglect under La.R.S. 9:5628. | pjTouro argues that the one year began to run from the date of Laquetta’s birth, August 7, 1987.
Ms. Stevenson responds that she relied upon Dr. Brown’s assurances that Laquetta’s injuries were temporary and hair would grow within approximately two years. Only when hair did not grow did she realize that her daughter was permanently injured.
Mere apprehension that something is wrong will not begin prescription under La.R.S. 9:5628. A plaintiff cannot be charged with knowledge of the doctor’s negligence when she continues to believe the doctor’s explanation. Baum v. Cato, 599 So.2d 909 (La.App. 4th Cir.1992). Even if a malpractice vietim is aware that an undesirable condition developed after medical treatment, prescription does not run as long as it is reasonable for the victim not to recognize that the condition is related to the alleged malpractice. Griffin v. Kinberger, 507 So.2d 821 (La.1987); Chatman v. ABC Insurance Company, 534 So.2d 1 (La.App. 4th Cir.1988), writ denied 532 So.2d 121 (La.1988).
Ms. Stevenson reasonably believed Dr. Brown’s explanation that her daughter’s condition was temporary. By August 7, 1989 Ms. Stevenson was on notice that Dr. Brown’s attachment of the pressure device caused her daughter’s permanent condition. Her suit was filed on May 16, 1990, or within one year from the date of notice.
The writ application is denied.
KLEES and WARD, JJ., concur with reasons.

. In its application on page one Touro claims that the complaint was filed on March 16, 1990 and specifies on page six May 16, 1990. In its memo in support of the prescription exception Touro stated that the complaint was filed May 16, 1990. In response to Touro's writ application Ms. Stevenson declares that she filed the complaint on May 14, 1990 and the petition for damages on May 16, 1990. The petition attached to Touro's application is stamped as filed May 16, 1990.