671 So.2d 1271 (1996)
Steven L. CHANDLER and Terri L. Chandler, Plaintiffs-Appellants,
v.
HIGHLAND CLINIC and Dr. Carl G. Goodman, Defendants-Appellees.
No. 28,204-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1996.
*1272 A. Michael Boggs, Bossier City, for Appellant.
Blanchard, Walker, O'Quin & Roberts by Lawrence W. Pettiette, Jr., Shreveport, for Appellee.
Before NORRIS, BROWN and STEWART, JJ.
BROWN, Judge.
Plaintiffs, Steven and Terri Chandler, appeal a trial court judgment sustaining a peremptory exception of prescription which dismissed their medical malpractice claim against defendants, Dr. Carl Goodman and Highland Clinic. We affirm.

*1273 FACTS
On December 26, 1990, Steven Chandler injured his back while lifting a stretcher in the performance of his duties as an emergency medical technician with the Bossier City Fire Department. In addition to back problems, Chandler experienced a sharp pain running down the back of his left leg. Chandler was referred to Dr. Carl Goodman by another orthopedic surgeon. Dr. Goodman diagnosed a herniated disc and performed an L-5 discectomy on Chandler at Highland Clinic on April 25, 1991.
Immediately following surgery, Chandler complained of pain and swelling in his left leg different from that suffered before the operation. Dr. Goodman assured Chandler that this was an expected side effect of the healing process. The pain, however, persisted and Chandler, on his own volition, sought a second opinion. Over the next sixteen months, Chandler sought the advice of numerous doctors and therapists.
Chandler was eventually seen by Dr. Allen Cox, a family practitioner, who recommended a venogram test. According to Chandler, Dr. Cox informed him on August 19, 1992, that he suffered from a deep vein thrombosis, or blood clot, resulting from the 1991 surgery.[1] Chandler continued to see other physicians thereafter. On August 18, 1993, Chandler filed a petition to empanel a medical review panel. Doctor Goodman filed a peremptory exception of prescription.
The trial court found that plaintiffs' petition had prescribed on its face. Thus, the burden of proof was shifted to plaintiffs to prove that their claim had not prescribed. The trial judge concluded that Chandler knew or should have known of a problem with either the surgery or the care provided by Dr. Goodman well over a year before the petition was filed. Plaintiffs' alleged claim was held prescribed. This appeal follows.

DISCUSSION
A medical malpractice action must be filed within one year from the date of the alleged act, omission or neglect or within one year from the date of discovery of the alleged act, omission or neglect. LSA-R.S. 9:5628(A). In their petition, plaintiffs allege that the causal relationship between the April 25, 1991 surgery and the pain and swelling that followed was not discovered until the August 19, 1992 consultation with Dr. Cox. Although the petition was not filed within one year of the surgery, it was filed within one year of the date of alleged discovery. Accordingly, plaintiffs' petition was not prescribed on its face and the trial court erred in concluding otherwise. See Chaney v. State Department of Health and Human Resources, 432 So.2d 256 (La.1983); Abrams v. Herbert, 590 So.2d 1291 (La.App. 1st Cir. 1991).
The burden of proof does not shift to plaintiff to counter the affirmative defense of prescription unless the face of the petition reveals that he had knowledge of the damage and its cause at a time beyond the prescriptive period. Leyva v. Logo, 549 So.2d 914 (La.App. 3rd Cir.1989). Since plaintiffs' petition was erroneously deemed prescribed on its face, the trial court also erred in shifting the burden of proof to plaintiffs. Under the present facts, the burden of proof clearly rested with defendants to prove that plaintiffs' claim had prescribed. Despite these errors, the trial court's conclusion was correct because defendants met the requisite burden of proof.
This Court has set forth principles for determining whether a plaintiff had knowledge of his potential claim at a particular time:
The focus is on the reasonableness of the inaction by plaintiff. The rule is whether the cause of action was known or reasonably "knowable" by plaintiff. Prescription does not run only as long as it is reasonable for plaintiff not to recognize that the condition may be related to treatment. When a plaintiff has knowledge of facts strongly suggestive that the untoward condition or result may be the result of improper treatment and there is no effort by the health care providers to mislead or *1274 cover up information which is available to plaintiff through inquiry or professional medical or legal advice, then the facts and cause of action are reasonably knowable to plaintiff. Inaction by plaintiff for more than one year under these circumstances is not reasonable.
Harlan v. Roberts, 565 So.2d 482, 486 (La. App. 2d Cir.1990), writ denied, 567 So.2d 1126 (La.1990). In Harlan, we also made it clear that it is not necessary that an attorney or physician inform plaintiff of the existence of a medical malpractice cause of action. Harlan v. Roberts, supra.
Both sides presented evidence during the hearing in accordance with LSA-C.C.P. Art. 931. Steven Chandler admitted that he was immediately aware of a change in the nature of the pain felt in his left leg following the operation performed by Dr. Goodman. Records maintained by Dr. Goodman reflect Chandler's first complaint of pain within one week of the surgery. Dr. Goodman's records reflect fourteen visits or telephone conferences with Chandler following surgery until January 22, 1992. Although Chandler returned to Dr. Goodman for a check-up a year later in January 1993, he had grown discontent.
Indicative of his dissatisfaction with Dr. Goodman's services, Chandler began to seek additional medical advice as early as October 1991. In all, Steven Chandler saw two neurosurgeons, a nerve conduction specialist, an orthopedic surgeon, three physical therapists, two vascular surgeons, and two family practitioners. Nearly all of these consultations occurred after Chandler ended his regular visits to Dr. Goodman in early 1992. The record contains reports from all these physicians except Dr. Allen Cox.
The diagnosis allegedly made by Dr. Cox was not documented by any medical evidence. Moreover, this diagnosis was discounted by two vascular surgeons and by Dr. Cox's associate, Dr. Carter Boyd.
In light of Chandler's persistent pain and its commencement immediately after surgery, it was not reasonable for him to wait twenty-eight months to assert his claim. The fact that a new manifestation of pain commenced instantly following treatment by Dr. Goodman renders the probable cause and effect relationship obvious. The event which allegedly led to the discovery of plaintiffs' cause of action is undocumented and was resoundingly dismissed. Plaintiffs commenced their cause of action with essentially no more knowledge than they possessed in the months that immediately followed the operation.

CONCLUSION
A preponderance of the evidence shows that Steven Chandler had knowledge of facts strongly suggestive that his post-operative leg pain may have resulted from the treatment he received from Dr. Goodman and that he acquired such knowledge shortly after his April 1991 surgery. We conclude that plaintiff's malpractice claim related to the surgery prescribed on April 25, 1992. Any claims related to the postoperative treatment provided by Dr. Goodman prescribed one year from Chandler's January 22, 1992 examination, the last in his series of regular postoperative visits with Dr. Goodman. The judgment of the trial court sustaining the exception of prescription is affirmed. Costs of this appeal are assigned to plaintiffs.
AFFIRMED.
NOTES
[1] There is no report in the record from Dr. Cox supporting Chandler's testimony. A copy of the radiology report of Dr. J. Paul Price is included in the record.