I .WILLIAMS, J.
In this medical malpractice case, the plaintiff, John Poullard, appeals a judgment in favor of the defendants, Louisiana State University Health Sciences Center and Drs. Dennis Venable, Brett Carver, Chad Brekelbaum and Keith Waguespack. The district court sustained the defendants’ peremptory exception of prescription. For the following reasons, we reverse and remand.
FACTS
On April 25, 2003, John Poullard, an inmate at the David Wade Correctional Center, filed a tort action against the defendants in connection with the treatment he received for chronic prostatitis at the Louisiana State University Health Sciences Center Urology Clinic in Shreveport, Louisiana. The following chronology of alleged events is taken from Poullard’s petition:
1. On May 25, 2001, Poullard tested positive for chronic prostatitis at LSU Health Science Center; he returned for a follow-up appointment on June 22, 2001.
2. On April 5, 2002, he returned to LSU Health Science Center and was advised that continuing antibiotics from a previous appointment would not be appropriate because the antibiotics had been unsuccessful.
3. On July 19, 2002, he again returned to LSU Health Science Center and again was advised that his condition was unresponsive to antibiotics; he was given a one-year follow-up appointment to return to the clinic.
Based on these events, Poullard contends the defendants had full knowledge that antibiotics were unsuccessful in treating his condition, but failed to provide other treatment for him. Poullard alleges both negligence and intentional tort in this regard, and asserts that as a result he has suffered | ¡.continuous pain. In July 2003, Poullard filed a supplemental petition adding Dr. Keith Waguespack as a defendant and alleging that “from April-5-2002 July-19-2002 until present date” antibiotics were unsuccessful in treating Poullard’s prostatitis. He also alleged that Dr. Wag-uespack did not provide further appropriate treatment, but talked to Poullard with a “bad attitude” and scheduled a one-year follow-up appointment.
In September 2003, the defendants filed a peremptory exception of prescription asserting that the suit arose from care received by Poullard on April 5, 2002. According to the defendants, at some point after being diagnosed with chronic prosta-titis, Poullard was prescribed antibiotics to treat his condition. Defendants noted Poullard’s assertions that on April 5, 2002, he was advised that continuing the antibiotics would not be appropriate, that he *1238 continued to suffer with chronic prostatitis because of the alleged lack of proper treatment, and that he filed suit against the defendants on April 25, 2003.
In the peremptory exception of prescription, the defendants took the position that PouIIard’s claim against them had prescribed because his suit was filed more than one year after April 5, 2002, when he became aware of the alleged ineffectiveness of the antibiotic treatment. The exception also refers to another lawsuit with very similar factual allegations; however, no evidence about the other suit was ever placed before the court.
Neither the defendants’ exception of prescription nor their memorandum in support mention the claims in PouIIard’s petition concerning the July 19, 2002 visit to the LSU Health Sciences Center where | ¡¡Poullard allegedly was again informed that his prostatitis was unresponsive to antibiotics, and where he allegedly was given a follow-up appointment to return to the clinic in one year. However, in opposition to the exception of prescription, Poul-lard asserted that he was alleging a continuing tort for breach of care from April 5, 2002 until April 26, 2003 and continuing. He also asserted that he was alleging a breach of care “on July-19-2002, by setting a one-year long term appointment follow-up” for him. Poullard also filed a supplemental opposition to which he attached copies of medical records.
The district court initially ordered Poul-lard to be transported from the David Wade Correctional Center to appear at the hearing on the peremptory exception of prescription scheduled for November 10, 2003. However, after the court was advised by the warden of David Wade Correctional Center of the security risks in transporting Poullard, the court vacated its previous order. The court ordered that any testimony from Poullard and his witness be taken by deposition at the correctional center, transcribed and forwarded to the court for review in its consideration of the pending exception. In a written response to the court’s order, Poullard asserted that prison officials had refused to take the deposition ordered by the court and he stated his contentions, which were essentially the same as those raised in his petition and in his opposition to the exception of prescription.
On May 11, 2004, the district court issued a written ruling on the exception of prescription, stating that Poullard complained of a breach of the applicable standard of care on April 5, 2002, that Poullard filed suit for |4medical malpractice on April 25, 2003, and that PouIIard’s suit was prescribed on its face. The ruling further stated that Poullard had not presented evidence to satisfy his burden of showing that the one-year prescriptive period was suspended or interrupted “in spite of this court’s order in November 2003 that testimony could be adduced by deposition, with notice given and subpoenas issued.” Accordingly, the court rendered judgment granting the defendants’ exception of prescription. Poullard appeals the judgment.
DISCUSSION
Poullard contends the district court erred in granting the exception of prescription. Poullard argues that his claim has not prescribed because he filed his action within one year of the July 2002 examination, when defendant failed to treat his condition and failed to promptly schedule a follow-up appointment.
Under the provisions of LSA-R.S. 9:5628(A), a medical malpractice action must be filed within one year of the alleged act, omission or neglect, or within one year from the date of the discovery of the alleged act, omission or neglect, but in all cases, no later than three years from the date of the alleged act, omission or neglect.
*1239 The burden of proof on an exception of prescription generally rests upon the party pleading prescription as an affirmative defense; however, where the plaintiffs petition shows on its face that the asserted claim has prescribed, the plaintiff bears the burden of proving that prescription has been sufficiently interrupted or suspended so as to bring the action within |sthe prescriptive period. Kavanaugh v. Edwards, 32,413 (La.App.2d Cir.12/8/99), 749 So.2d 824. The burden of proof does not shift unless the face of the petition reveals that the plaintiff possessed knowledge of the damage and its cause at a time beyond the prescriptive period. Kavanaugh, supra; Chandler v. Highland Clinic, 28,204 (La.App.2d Cir.4/3/96), 671 So.2d 1271.
The time limitations for bringing a malpractice action under the provisions of LSA-R.S. 9:5628(A) specifically apply not only to acts, but also to omissions. Failure to properly treat can give rise to a cause of action for medical malpractice. Chaney v. State Department of Health and Human Resources, 432 So.2d 256 (La.1983). We note that the Louisiana Supreme Court has concluded, in a malpractice setting, that the breach of the duty to right a wrong and make the plaintiff whole cannot be a continuing wrong which suspends the running of prescription. In re Medical Review Panel for Claim of Moses, 2000-2643 (La.5/25/01), 788 So.2d 1173. Thus, in the instant case, because Poullard has not asserted a continuing course of harmful treatment, he has failed to demonstrate a continuing tort.
In their brief, the defendants focus on Poullard’s April 5, 2002 visit in arguing that Poullard’s complaints of malpractice are “all the same cause of action,” and that Poullard simply reworded his assertions in an attempt “to extend the prescriptive period.” We disagree. Although Poullard’s petition shows that he was aware on April 5, 2002 that the previous antibiotic therapy was unsuccessful and that other treatment for his chronic prostatitis was not provided at that time, the record also shows that medication was | ^prescribed for Pollard’s symptoms and a follow-up appointment was scheduled for three months later. Thus, when Pollard returned for his follow-up visit in July 2002, he reasonably could have expected that defendants would offer some alternative treatment, different medication or further testing in an attempt to address his symptoms.
However, Poullard alleges in his petition that when he returned to the LSU urology clinic on July 19, 2002, Dr. Waguespack breached the standard of care by his failure to provide any alternative treatment, to prescribe additional medication or to schedule a more prompt follow-up appointment, despite the diagnosis of perineal pain, testalgia and chronic prostatitis. Consequently, Poullard’s malpractice claim, filed within one year from the date of defendants’ alleged omissions during the July 19, 2002 examination, was not prescribed on the face of the petition. Based upon this record, we must conclude that the district court erred in granting the defendants’ exception of prescription.
CONCLUSION
For the foregoing reasons, the district court’s judgment granting the exception of prescription is hereby reversed and the case is remanded for further proceedings. Costs of this appeal are assessed to the appellees, Louisiana State University Health Sciences Center and Drs. Dennis Venable, Brett Carver, Chad Brekelbaum and Keith Waguespack.
REVERSED AND REMANDED.