MEDICAL REVIEW PANEL     \*     NO. 2020-CA-0468
FOR THE CLAIM OF
RICHARD BUSH, DECEASED,     \*     COURT OF APPEAL
ET AL PCF NO. 2018-01209

                             \*     FOURTH CIRCUIT

                             \*     STATE OF LOUISIANA

                             \*

                             \*

\* \* \* \* \* \* \*

**BELSOME, J. CONCURS IN THE RESULT WITH REASONS**

I respectfully concur in the result of the majority. However, I write separately to further discuss the holding in *Taylor v. Giddens*, 618 So.2d 834 (La. 1993).

Pertinent to this discussion is the general law concerning prescription. "Prescription runs against all persons unless exception is established by legislation." La. C.C. art. 3467. Despite this express statutory provision, jurisprudence has recognized the doctrine of *contra non valentum* as an exception where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues. *Chaney v. State Through Dep't. of Health and Human Resources*, 432 So.2d 256 (La. 1983).

The doctrine of *contra non valentem* suspends prescription where the circumstances of the case fall into one of the following four categories:

1. Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;

2. Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;

3. Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and

1

4. Where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.

*Rajnowski v. St. Patrick's Hospital*, 564 So.2d 671, 674 (La. 1990); *Whitnell v. Menville*, 540 So.2d 304 (La. 1989).

The Louisiana Supreme Court has long held that La. R.S. 9:5628[1] "has in a limited manner legislatively overruled the fourth exception of the judicially created doctrine of *contra non valentum* as it applies to medical malpractice actions filed more than three years after the date of the act, omission or neglect." *Chaney*, 432 So.2d at 259; *Rajnowski*, 564 So.2d at 674.

When determining the application of La. 9:5628 to medical malpractice actions, the *Taylor* Court held that La. R.S. 9:5628 provides the prescriptive period for survival actions but does not provide the prescriptive period for wrongful death actions. *Id.* at 836. It further held that "the commencement and running of the prescriptive period for the wrongful death action is controlled by the one year liberative period applicable to delictual actions, La. C.C. art. 3492,[2] and the action

_____

[1] La. R.S. 9:5628 states:

    A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1231.1(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

    B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.

    C. The provisions of this Section shall apply to all healthcare providers listed herein or defined in R.S. 40:1231.1 regardless of whether the healthcare provider avails itself of the protections and provisions of R.S. 40:1231.1 et seq., by fulfilling the requirements necessary to qualify as listed in R.S. 40:1231.2 and 1231.4.

[2] La. C.C. art. 3492 states: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. It does not run against minors or interdicts in actions involving permanent disability and brought pursuant to the

is available to the certain beneficiaries named in LSA-C.C. art. 2315.2[3] (formerly named in LSA-C.C. art. 2315)." *Id*. at 836, 841.

Since the *Taylor* Court specifically excluded wrongful death actions from the prescriptive periods set forth in La. R.S. 9:5628, the default prescription rules for liberative prescription apply (one year from the date of injury or damage). Under these circumstances, there is nothing precluding the full application of the doctrine of *contra non valentum* exception under qualifying circumstances in a wrongful death case.

As noted by the majority, *Taylor* did not find that *contra non valentum* cannot be applied to wrongful death cases. Nor has the jurisprudence strictly applied La. C.C. art. 3492 or 2315.2(B) to wrongful death medical malpractice claims in circumstances where *contra non valentum* was argued and clearly applied.[4]

To that end, the *Taylor* Court did not have to make such a finding. In *Taylor*, the patient discovered the malpractice in 1982, and died of esophageal cancer in 1985. *Id*., 618 So.2d at 837-39. The survival and wrongful death actions were filed together in 1986. *Id*., 618 So.2d at 839. Since the survival action was filed more than three years after the discovery of the malpractice, the Court found that the survival action was prescribed under La. R.S. 9:5628. *Id.*, 618 So.2d at

---

Louisiana Products Liability Act or state law governing product liability actions in effect at the time of the injury or damage."

[3] La. C.C. art. 2315.2(B) also provides a one-year prescriptive period for wrongful death actions from the date of the death of the deceased.

[4] To do so would effectively make the one-year period a preemptive period rather than a prescriptive period. *See Borel v. Young*, 07-0419, p. 8 (La. 11/27/07), 989 So. 2d 42, 49, *on reh'g* (7/01/08) (While liberative prescription merely prevents the enforcement of a right by action, it does not terminate the natural obligation; peremption, however, destroys or extinguishes the right itself. Public policy requires that rights to which peremptive periods attach are extinguished after passage of a specific period of time, and accordingly, nothing may interfere with the running of a peremptive period. The peremptive period may not be interrupted or suspended or renounced, and exceptions such as *contra non valentem* are not applicable. On the other hand, as an inchoate right, prescription may be renounced, interrupted, or suspended, and contra non valentem applies an exception to the statutory prescriptive period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues).

842. However, the claimants had filed their wrongful death action within one year of the date of the patient's death. *Id.* Thus, the wrongful death suit was timely filed. *Id.* Under these circumstances, the Court found that the date of the discovery of the malpractice by the patients or the claimants **prior** to the patient's death was not consequential to the determination of prescription in the wrongful death action. *Id.*, 618 So.2d at 641 (emphasis added).

Since the *Taylor* Court specifically excluded wrongful death actions from the prescriptive periods set forth in La. R.S. 9:5628,[5] there is nothing prohibiting the full application of *contra non valentum* in medical malpractice wrongful death actions. Further, as explained by the majority, given that Plaintiffs could not have reasonably acted on the malpractice until October of 2018, the wrongful death cause of action has not prescribed.

For these reasons, I respectfully concur in the result of the majority.

---

[5] As discussed, this statute legislatively limited the fourth category of the *contra non valentum* exception in medical malpractice cases to three years from the date of the alleged malpractice.