431 So.2d 42 (1983)
Timothy BLANCHARD
v.
Dr. Leo FARMER, et al.
No. 82 CA 0540.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Rehearing Denied May 20, 1983.
Abbott J. Reeves, Gretna, for plaintiff-appellant Timothy Blanchard.
Donald S. Zuber, Baton Rouge, for defendants-appellees Dr. Leo Farmer, et al.
Before PONDER, SAVOIE and CRAIN, JJ.
SAVOIE, Judge.
Plaintiff, Timothy Blanchard, appeals from the granting of defendants'[1] peremptory exception of prescription in this medical malpractice suit. Under L.S.A.-R.S. 9:5628, plaintiff's action is barred because it was not filed within three years of the alleged act of negligence. Accordingly, the judgment of the trial court is affirmed.
Plaintiff alleges that during his surgery in December, 1976, Dr. Leo Farmer negligently failed to remove a piece of metal from plaintiff's hand. Plaintiff claims he did not discover this fact until March 13, 1979. Suit was filed on March 12, 1980. In response thereto, defendants filed a peremptory exception of prescription based on L.S.A.-R.S. 9:5628, which the trial court sustained.
On appeal, there is no dispute that the alleged act of negligence occurred in December, 1976. At issue is the application of 9:5628 and its constitutionality.

SPECIFICATIONS OF ERROR NOS. 1-3
The first three specifications of error address the trial court's application of L.S.A.-R.S. 9:5628.[2] Plaintiff contends *43 that the trial court erred in determining that prescription had run because more than three years had passed since the negligent act of malpractice. He argues that the peremptive period provided by the statute does not begin to run until the discovery of the negligent act. This argument completely ignores the wording in the statute.
L.S.A.-R.S. 9:5628 reads as follows:
"A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect." (Emphasis added).

* * * * * *
The underlined portion of the statute provides specifically for the present situation. Plaintiff filed suit within one year of discovery of the alleged negligent act but not within three years from the occurrence thereof. As a result, the exception of prescription was correctly sustained.

SPECIFICATION OF ERROR NO. 4
Further, plaintiff argues that application of this peremptive provision of L.S.A.-R.S. 9:5628 denies him access to the courts and, therefore, the statute is unconstitutional.
The constitutional guarantee of access to the courts is Article I, Section 22 of the Louisiana Constitution. Like the fourteenth amendment to the United States Constitution, this provision protects fundamental interests to a greater extent than interests not considered of fundamental constitutional importance. Therefore, when a claimant is asserting a right not subject to special constitutional protection, access to the courts may be restricted if there is a rational basis for that restriction. Everett v. Goldman, 359 So.2d 1256 (La. 1978).
The malpractice claimant's right to sue for damages caused by medical professionals is not a fundamental constitutional right. Consequently, its constitutionality is tested by the lesser standard of rational basis. Everett, supra.
Under the instant statute, the legislature has removed from the scope of liability those disabilities discovered more than three years after the date of the alleged act of negligence. As to these belated disabilities, the statute confers no cause of action. As thus analyzed, we do not think that the state is constitutionally required to provide a cause of action in its medical malpractice statute for long-delayed disabilities and losses. Accordingly, we hold that L.S.A.-R.S. 9:5628 is constitutional.
For the reasons assigned, the judgment of the trial court is affirmed at plaintiff's cost.
AFFIRMED.
NOTES
[1] The defendants are: Dr. Leo Farmer, the attending physician; Drs. Farmer, Cowick and Lee, a medical corporation; and St. Paul Fire and Marine Insurance Company, their insurer.
[2] "Specifications of Error:

"A. The trial judge erred in maintaining the exception of prescription.
"B. The trial judge erred finding prescription had run where more than three years had passed since the negligent act of malpractice, despite it was not discovered until within one year of filing.
"C. The statute R.S. 9:5628, by its obvious ambiguity, requires it be strictly construed against prescription and in favor of obligation sought to be extinguished by it."