614 So.2d 234 (1993)
Mathew HILLMAN, Plaintiff-Appellant,
v.
William AKINS, M.D., et al., Defendants-Appellees.
Sherry VIDRINE, et ux., Plaintiffs-Appellants,
v.
William AKINS, M.D., et al., Defendants-Appellees.
Valerie BOURQUE, Plaintiff-Appellant,
v.
William AKINS, M.D., et al., Defendants-Appellees.
Bonnie Berry and Lynn BERRY, Plaintiffs-Appellants,
v.
William AKINS, M.D., et al., Defendants-Appellees.
Carroll CRADEUR, Plaintiff-Appellant,
v.
Clark GUNDERSON, M.D., et al., Defendants-Appellees.
In re Marie Moreall RAYBURN, Plaintiff-Appellant.
In re Michael MANUAL and Mary Manual, Plaintiffs-Appellants.
Nos. 92-407 to 92-409, 91-700, 91-644, 91-1208 and 91-1210.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Writ Granted April 30, 1993.
*235 Darryl J. Tschirn, Metairie, for all plaintiffs-appellants.
Raggio, Cappel, Chozen & Berniard, Richard B. Cappel, Lake Charles, for defendants-appellees Drs. and Hosp.
Before LABORDE, THIBODEAUX and WOODARD, JJ.
LABORDE, Judge.
In this case, plaintiffs appeal alleging the trial court erred in granting the defendants' peremptory exception of prescription. Finding no error on the part of the trial court, we affirm.

FACTS
At the outset, we note that each of these cases were consolidated as they involve the same issue of law. The plaintiffs in these cases each sued Dr. William Akins and Lake Charles Memorial Hospital ("defendants") for injuries and damages allegedly sustained after Dr. Akins implanted a device *236 commonly known as Steffee Plates into each plaintiff's back. This device was used to achieve internal fixation of the spine to enhance the chance of a solid fusion. This device was never approved by the Food and Drug Administration ("FDA") for the type of surgical procedure Dr. Akins performed on plaintiffs. As a result, the plaintiffs in these cases filed suit against defendants alleging several different theories of recovery including: negligence, medical malpractice, unintentional tort, breach of contract, failure to warn, redhibition, breach of warranty, and violation of the Consumer Protection Act.
After suit was filed, defendants filed a peremptory exception of prescription contending all causes of action alleged by plaintiffs had prescribed. The trial court sustained the exception and dismissed all claims instituted against defendants. Each plaintiff then appealed alleging the trial court erred in sustaining defendants' exception. Plaintiffs have only appealed on the claim of medical malpractice and have abandoned all other claims. Consequently, this court consolidated all these cases on appeal.

ASSIGNMENT OF ERROR
In this assignment of error, plaintiffs allege the trial court erred in granting defendants' peremptory exception of prescription. We disagree. La.R.S. 9:5628 governs prescriptive periods applicable to medical malpractice actions. This statute provides:
A. No action for damages for injury or death against any physician, chiropractor, dentist, psychologist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
Added by Acts 1975, No. 808, § 1. Amended by Acts 1976, No. 214, § 1; Acts 1987, No. 915, § 1, eff. Sept. 1, 1987; Acts 1990, No. 501, § 1.
Under La.R.S. 9:5628, suit must be brought within one year from the date of the alleged act, omission or neglect, or within one year from the date of the discovery of the act, omission or neglect. With respect to claims filed within one year from the date of discovery, suit must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect. Constructive knowledge sufficient to commence the running of prescription, however, requires more than a mere apprehension that something might be wrong. Cordova v. Hartford Acc. & Indem. Co., 387 So.2d 574 (La.1980). Prescription does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent or unreasonable. Young v. Clement, 367 So.2d 828 (La.1979). Therefore, even if a malpractice victim is aware that an undesirable condition developed at some point in time after the medical treatment, prescription does not run as long as it was reasonable for the victim not to recognize that the condition may be related to treatment. The proper focus is on the reasonableness of the tort victim's action or inaction. Griffin v. Kinberger, 507 So.2d 821 (La.1987). However, La.R.S. 9:5628 is a prescription statute with one qualification, that the contra non valentem (ie, prescription does not run against one who is unable to act) is made expressly inapplicable after three years from the alleged act, omission, or neglect. Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La.1986).
In each of these cases, the plaintiffs filed suit well after three years from the *237 surgery wherein they received the Steffee implants. Plaintiffs' claims have thus prescribed unless they can show that the tolling of the prescriptive period was somehow interrupted or suspended. In order to meet their burden of proof, plaintiffs attempt to convince this court that the cause of action in each of these cases did not begin to run until each patient was released from Dr. Akins' care. We disagree. In their petitions, all of plaintiffs claims center around the surgical procedure for implantation of the Steffee hardware. Each of their allegations of medical malpractice as asserted in their petitions are limited to the alleged improper implantation of the hardware and the alleged failure by defendants to obtain the plaintiffs' informed consent. The record reveals each of these "acts, omissions and/or neglects" occurred more than three years prior to the filing of these claims. The plaintiffs in this case have not shown that the prescriptive period should be interrupted or suspended, and we find nothing in the record indicating suspension or interruption is warranted.
Plaintiffs also contend Dr. Akins' conduct rises to the level of concealment, misrepresentation, fraud or ill practices necessary to stop the running of prescription. However, we find nothing in the record to support this contention. Dr. Akins testified that he was informed that there was no problem with the FDA status and that he was at liberty to continue to implant the hardware. Nothing in the record contradicts this testimony. We therefore hold that Dr. Akins' actions do not rise to the level of concealment, misrepresentation, fraud, or ill practices. Accordingly, this assignment of error lacks merit.
Plaintiffs also filed a supplemental brief alleging La.R.S. 9:5628 is unconstitutional. This issue is not properly before this court. In Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La. 1984), the Supreme Court stated:
The constitutionality of a statute must first be questioned in the trial court, not the appellate court. Johnson v. Welsh, 334 So.2d 395 (La.1976); Becker v. Allstate Insurance Co., 307 So.2d 101 (La. 1975); Summerell v. Phillips, 258 La. 587, 247 So.2d 542 (1971) and cases cited therein. The plea of unconstitutionality must be specially pleaded to be considered by the court. Johnson v. Welsh, 334 So.2d 395 and cases cited therein. No assertion of unconstitutionality was pleaded prior to the brief filed in this Court. Further, where the constitutionality of a statute is at issue, the Attorney General must be served and is an indispensable party. La.C.C.P. art. 1880. The Attorney General was not served nor was he made a party to this action. Accordingly, we do not reach the issue of the constitutionality of La.R.S. 13:5105.
In this case, the constitutionality of La.R.S. 9:5628 was not properly questioned in the trial court. The plea of unconstitutionality was not specially pleaded in any of the plaintiffs' petitions or complaints filed with the Commissioner of Insurance, and the Attorney General was never served with any pleadings nor made an indispensable party to any of these actions at the trial level. The only mention of this statute's unconstitutionality was raised in plaintiffs' memoranda in opposition to defendant's peremptory exception of prescription and in supplemental briefs to this court. Therefore, this issue is not properly before this court. However, we note that even if this issue was properly before us, plaintiffs' contentions are without merit. The constitutionality of La.R.S. 9:5628 has been upheld by our Supreme Court. See, Crier v. Whitecloud, 496 So.2d 305 (La. 1986) on rehearing. See also, Blanchard v. Farmer, 431 So.2d 42 (La.App. 1st Cir. 1983), writ denied, 438 So.2d 571 (La.1983).

DECREE
The judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiffs.
AFFIRMED.