631 So.2d 1 (1994)
Matthew HILLMAN, et al.
v.
William AKINS, M.D., et al.
No. 93-C-0631.
Supreme Court of Louisiana.
January 14, 1994.
Rehearing Denied February 10, 1994.
Darryl J. Tschirn, Metairie, Randy J. Ungar, New Orleans, for applicant.
Richard B. Cappel, Raggio, Cappel, Chozen & Bernard, Lake Charles, for respondent.
Richard P. Ieyoub, Atty. Gen., Athena B. Piedrahita, Baton Rouge, for State.
Charles T. Williams, Jr., Metairie, John E. Baker, Mandeville, for Louisiana Patients Compensation Fund and Oversight Bd.
KIMBALL, Justice.[*]

THE FACTS
Plaintiffs in each of these consolidated cases sued their orthopaedic surgeons and the hospital where their surgeries took place after a medical device commonly known as a "Steffee Plate" was surgically affixed to the vertebrae of each plaintiff.[1] The plaintiffs *2 allege the device, used to achieve internal fixation of the spine in order to enhance the chance of a solid fusion, has never been approved by the Food and Drug Administration (FDA) for use as a spinal fixation device.[2] In each of these cases, the plaintiffs filed suit more than three years after the date of their surgeries alleging several different theories of recovery, including: medical malpractice, negligence, unintentional tort, breach of contract, failure to warn, redhibition, breach of warranty, and violation of the Consumer Protection Act. Defendants filed peremptory exceptions of prescription, contending that all of plaintiffs' causes of action had prescribed. The trial court in each case sustained defendants' exceptions, rejected plaintiffs' assertions that the doctrine of contra non valentem should apply to interrupt the running of the prescriptive period, and dismissed all claims instituted against the defendants. Each plaintiff appealed, alleging the trial court erred in sustaining defendants' exception. On appeal, each plaintiff abandoned all claims except the claim of medical malpractice.[3] The court of appeal affirmed the judgments of the trial courts in all seven cases.[4] On plaintiffs' application, we granted writs to determine whether contra non valentem based on fraud, intentional concealment, misrepresentation or ill practices, whereby the defendant effectually prevents plaintiff from availing himself of his cause of action, applies to interrupt the running of prescription under La.R.S. 9:5628.[5]
Plaintiffs contend their causes of action have not prescribed because their health care providers' failure to disclose material information triggered the application of the doctrine of contra non valentem and interrupted the running of the prescriptive period. Plaintiffs argue that Dr. Akins, Dr. Gunderson, *3 and the hospital failed to disclose to them that the Steffee Plates had not been approved by the FDA, and that the health care providers' failure to disclose this information prevented them from availing themselves of their causes of action. Defendants contend that plaintiffs' causes of action have prescribed under La.R.S. 9:5628 because: (1) suit was filed in each case more than three years after the date of the plaintiff's surgery; and (2) neither the physicians or the hospital knew or should have known that the device had not been FDA approved, such that their conduct did not rise to the level of fraud, intentional concealment, misrepresentation or ill practices necessary to trigger application of the doctrine of contra non valentem.

THE ISSUES
The issues to be decided herein are: (1) whether defendants knew that the device had not been approved by the FDA[6]; (2) if so, whether such knowledge alone constitutes intentional concealment under our jurisprudence on this category of contra non valentem; and (3) if so, whether this type of contra non valentem applies to interrupt the running of prescription under La.R.S. 9:5628.[7]

THE LAW
La.R.S. 9:5628 governs prescriptive periods applicable to medical malpractice actions. This statute provides:
A. No action for damages for injury or death against any physician, chiropractor, dentist, psychologist, hospital duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
Under this statute, suit must be brought within one year from the date of the alleged act, omission or neglect, or within one year from the discovery of the alleged act, omission or neglect. With respect to claims filed within one year from the date of discovery, suit must be filed in any event within a period of three years from the date of the alleged act, omission or neglect. In these seven cases, plaintiffs' claims have clearly prescribed on the faces of their complaints, *4 each claim having been filed more than three years after the date of the alleged act, omission, or neglect, i.e., plaintiffs' surgeries. Plaintiffs therefore bear the burden of proving any interruption of the prescriptive period contained in La.R.S. 9:5628. Whitnell v. Menville, 540 So.2d 304 (La.1989).
Contra non valentem, is a judicially created exception to the general rule of prescription. Because each of these cases is a medical malpractice case, only three of the four "categories" of the doctrine may have any possible application:
(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
(2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting;
(3) where the debtor himself has done some act to effectually prevent the creditor from availing himself of his cause of action.
Whitnell v. Menville, 540 So.2d 304, 308-09 (La.1989); Hebert v. Doctors Memorial Hospital, 486 So.2d 717, 721-25 (La.1986) (discovery rule category of contra non valentem held inapplicable to claims brought under La.R.S. 9:5628).
Of these three categories, the first two have no application to the facts of these seven cases. Each plaintiff's burden, then, is to establish that his doctor or the hospital did some act which effectually prevented that plaintiff from availing himself of his cause of action. Because a defendant "cannot be said to have concealed facts of which he had no knowledge,"[8] plaintiffs, in order to show fraud, intentional concealment, misrepresentation or ill practices, must each prove that their doctor or the hospital knew that the device had not been approved by the FDA.
Neither the trial courts nor the court of appeal was able to find any evidence in the record which proved that Dr. Akins, Dr. Gunderson or the hospital knew the device had not been approved by the FDA. After an exhaustive and thorough review of the record, including all proffered exhibits,[9] we too are unable to find any evidence proving that any of the defendants knew the device had not been approved by the FDA. The doctors' testimony indicates that in April or May of 1986, each doctor became aware that some question might exist as to whether the device had been approved for spinal implantation. Each testified that shortly after acquiring this information, he contacted the manufacturer, Acromed Corporation, and the device's designer, Dr. Arthur Steffee, to ascertain whether he should continue to utilize the device in his practice. Each doctor testified he was reassured by the manufacturer and the designer of the device that there was no problem with the FDA status of the device and that he was at liberty to continue to utilize the device in his practice. Nothing in the record or the proffered exhibits contradicts this testimony.[10]
Because plaintiffs in each of these cases were unable to prove that any of the defendants knew and intentionally failed to disclose to them that the device had not been approved by the FDA, we need not decide whether this category of contra non valentem applies to interrupt the running of the prescriptive period contained in La.R.S. 9:5628. See Whitnell v. Menville, 540 So.2d 304, 310 (La.1989).

*5 CONSTITUTIONALITY OF LA.R.S. 9:5628
Plaintiffs also argue that La.R.S. 9:5628 is unconstitutional as being violative of due process and equal protection. In each case, however, the only mention of this statute's unconstitutionality was in plaintiffs' memoranda in opposition to defendants' exception of prescription and in supplemental briefs to the court of appeal.[11] As such, the issue is not properly before this court and will not be considered. Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984).

DECREE
For the reasons assigned, the judgment of the court of appeal is affirmed.
AFFIRMED.
LEMMON, J., concurs.
DENNIS, J., concurs in part but dissents in part, believing that the constitutional issue should have been treated on its merits.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Calogero, J. was not on the panel which heard and decided this case.
[1] On September 24, 1985, Dr. William Akins performed surgery on Matthew Hillman at Lake Charles Memorial Hospital to affix a Steffee Plate to the vertebrae of Mr. Hillman. On February 26, 1990, over three years and four months after the date of his surgery, Mr. Hillman filed suit against Dr. Akins and the hospital.

On September 30, 1985, Dr. William Akins performed surgery on Valerie Bourque at Lake Charles Memorial Hospital to affix a Steffee Plate to the vertebrae of Mr. Bourque. On February 26, 1990, over three years and four months after the date of his surgery, Mr. Bourque filed suit against Dr. Akins and the hospital.
On December 9, 1985, Dr. Clark A. Gunderson performed surgery on Michael Manuel at Lake Charles Memorial Hospital to affix a Steffee Plate to the vertebrae of Mr. Manuel. On October 9, 1990, four years and ten months after the date of his surgery, Mr. Manuel and his wife filed a complaint of medical malpractice against Dr. Gunderson and the hospital with the Office of the Commissioner of Insurance, State of Louisiana, pursuant to the provisions of La.R.S. 40:1299.1 et seq. On October 22, 1990, Dr. Gunderson and the hospital filed a petition in the 14th Judicial District Court, Parish of Calcasieu, naming Michael and Mary Manuel as respondents and requesting leave of court to file an exception of prescription to the Manuels' complaint with the Commissioner of Insurance. Leave was granted by the court, and an exception of prescription was filed and heard.
On January 2, 1986, Dr. Clark A. Gunderson performed surgery on Marie Rayburn at Lake Charles Memorial Hospital to affix a Steffee Plate to the vertebrae of Ms. Rayburn. On September 14, 1990, over four years and nine months after the date of her surgery, Ms. Rayburn filed a complaint of medical malpractice against Dr. Gunderson and the hospital with the Office of the Commissioner of Insurance, State of Louisiana, pursuant to the provisions of La.R.S. 40:1299.1 et seq. On October 2, 1990, Dr. Gunderson and the hospital filed a petition in the 14th Judicial District Court, Parish of Calcasieu, naming Marie Moreall Rayburn as respondent and requesting leave of court to file an exception of prescription to Ms. Rayburn's complaint with the Commissioner of Insurance. Leave was granted by the court, and an exception of prescription was filed and heard.
On January 6, 1986, Dr. Clark A. Gunderson performed surgery on Carroll Cradeur at Lake Charles Memorial Hospital to affix a Steffee Plate to the vertebrae of Mr. Cradeur. On February 26, 1990, over four years and one month after the date of his surgery, Mr. Cradeur filed suit against Dr. Gunderson and the hospital.
On January 10, 1986, Dr. William Akins performed surgery on Lynn Berry at Lake Charles Memorial Hospital to affix a Steffee Plate to the vertebrae of Mr. Berry. On February 26, 1990, over four years and one month after the date of his surgery, Mr. Berry and his wife filed suit against Dr. Akins and the hospital.
On November 18, 1986, Dr. William Akins performed surgery on Mike Vidrine at Lake Charles Memorial Hospital to affix a Steffee Plate to the vertebrae of Mr. Vidrine. On February 26, 1990, over three years and three months after the date of his surgery, Mr. Vidrine filed suit against Dr. Akins and the hospital.
[2] The court of appeal found that the device was never approved by the Food and Drug Administration for the type of surgical procedure performed on plaintiffs. Hillman v. Akins, 614 So.2d 234, 236 (La.App. 3 Cir.1993). Although vigorously disputed by defendants herein, because the FDA status of the device is not determinative of our holding in these cases, we will assume, for the purposes of these consolidated cases, that the court of appeal is correct in its finding.
[3] Because each of the cases raised the same legal issue, they were consolidated by the court of appeal. Hillman v. Akins, 614 So.2d 234, 235 (La.App. 3 Cir.1993). After the court of appeal had consolidated the cases, plaintiffs filed a supplemental brief alleging La.R.S. 9:5628 is unconstitutional. Citing Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984), the court of appeal refused to consider the issue as it was not properly before the court.
[4] Hillman v. Akins, 614 So.2d 234 (La.App. 3 Cir.1993).
[5] Hillman v. Akins, M.D., et al., 618 So.2d 396 (La. 1993).
[6] Plaintiffs allege that defendants either "knew or should have known" that the device had not been approved by the FDA, and that this constitutes intentional concealment under the doctrine of contra non valentem. Plaintiffs' argument that a finding of intentional concealment can be based on the assertion that defendants "should have known" that the device had not been approved by the FDA is without merit. Even if, as a matter of law, defendants "should have known" that the device had not been approved by FDA, defendants' failure to know is negligence, a claim which prescribes three years from the date of the surgery. Further, defendants' failure to disclose that information which they did not actually know is, at most, a negligent omission, which also prescribes in three years. "Obviously, a defendant can not be said to have concealed facts of which he had no knowledge." Whitnell v. Menville, 540 So.2d 304, 308 (La. 1989). As Justice Dennis stated, concurring in this court's denial of rehearing in Rajnowski v. St. Patrick's Hospital, 564 So.2d 671, 682 (La. 1990):

Specifically, the statute should be read to ... impose the discovery rule and the three year overall limitation in cases in which the prevention of discovery of the plaintiff's cause of action resulted from the doctor's mere negligence or innocent misrepresentation. There is nothing in the statutory formula or the extraneous elements to suggest that the legislature intended to exempt any case of ordinary negligence from the three year overall limitation. In fact, such an interpretation might create an exception encompassing so large a percentage of malpractice situations as to swallow the statutory rule.
[7] See Rajnowski v. St. Patrick's Hospital, 564 So.2d 671 (La. 1990), Whitnell v. Menville, 540 So.2d 304 (La. 1989), and Gover v. Bridges, 497 So.2d 1364 (La.1986) for our previous discussions of this last issue.
[8] Whitnell v. Menville, 540 So.2d 304, 308 (La. 1989).
[9] Because plaintiffs strongly indicated to this court that proof of defendants' knowledge that the device had not been approved by the FDA existed in the exhibits proffered by plaintiffs at the trial court level, we examined the entire record in these consolidated cases, including all of the proffered exhibits.
[10] Defendants' expert in FDA medical device regulations and procedures, Mr. Robert Kennedy, a former Director of the Office of Device Regulation within FDA, testified that FDA does not readily respond to inquiries from health care providers regarding the FDA status of medical devices. Instead, Mr. Kennedy's testimony shows that FDA's regulatory activities are directed toward the manufacturers of medical devices. Furthermore, even assuming, arguendo, that defendants should have contacted the FDA to attempt to ascertain the status of the device, their failure to do so is negligence, subject to the three year prescriptive period contained in La.R.S. 9:5628. See supra, note 6.
[11] Hillman v. Akins, 614 So.2d 234, 237 (La.App. 3 Cir. 1993).