867 So.2d 801 (2004)
Walter PENA
v.
James T. WILLIAMS, M.D., the Saint Paul Insurance Company, William Batherson, Spine Care Plus, Inc., and XXX Insurance Company.
No. 2003-CA-0982.
Court of Appeal of Louisiana, Fourth Circuit.
February 4, 2004.
*802 Richard C. Trahant, Metairie, LA, for Plaintiff/Appellant.
Gregory J. McDonald, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, LA, for Appellee, Dr. Jerome Malina.
Frank M. Buck, Jr., New Orleans, LA, for Defendants/Appellees, William Batherson and Spine Care Plus, Inc.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS SR., Judge EDWIN A. LOMBARD).
Prior report: 677 So.2d 1091.
CHARLES R. JONES, Judge.
The Appellant, Walter Pena, appeals the judgment of the district court granting the Exception of Prescription and the motions for summary judgment filed by the Appellees, Dr. William Batherson, Dr. Jerome Malina, and Spine Care Plus, Inc. After a review of the record, we affirm the judgment of the district court.

FACTS AND PROCEDURAL HISTORY
Walter Pena sustained serious injuries in an automobile accident on July 14, 1994. As a result of the accident, Mr. Pena retained counsel who referred him to Dr. Barry Bordenaro for treatment of his injuries. Dr. Bordenaro treated Mr. Pena's injuries until November 18, 1994. However, on November 10, 1994, eight days prior to his medical release by Dr. Bordenaro, Mr. Pena presented to Dr. James T. Williams, an Independent Medical Examiner specializing in orthopedics, as requested and selected by State Farm Mutual Automobile Insurance Company. After examining Mr. Pena, Dr. Williams did not recommend any additional orthopedic treatment. Mr. Pena thereafter reported to Dr. Bordenaro that he was experiencing involuntary twisting of his head to the left. Dr. Bordenaro recommended that Mr. Pena be examined by an orthopedic specialist and discharged him. Mr. Pena did not follow the recommendation of Dr. Bordenaro since just eight days prior he was examined by an orthopedic specialist, Dr. Williams, who did not make any further orthopedic recommendations. Mr. Pena changed lawyers, and his newly retained counsel referred him to the Spine Care Plus, Inc., for treatment. For reasons unknown, the Spine Care Plus, Inc., treated Mr. Pena without having received medical records from Dr. Bordenaro. During the period of medical care provided by the Spine Care Plus, Inc., Mr. Pena was first treated by Dr. Jerome Malina, and *803 then by Dr. William Batherson. Mr. Pena's treatment with Dr. Batherson ended on January 30, 1995. The next day, Mr. Pena presented to Charity Hospital, where Dr. Daniel Kim, a neurosurgeon, diagnosed him as having a severe rotary subluxation at the C-1, C-2 level of the cervical spine.
Mr. Pena instituted a medical malpractice suit against Dr. Williams, the Independent Medical Examiner, arising from the examination in which Dr. Williams recommended no further orthopedic treatment. Initially, the district court dismissed the suit for no cause of action. Dr. Williams alleged in his exception that no doctor-patient relationship existed between the two, therefore, Dr. Williams' treatment of Mr. Pena was not covered by the Medical Malpractice Act. This Court reversed the judgment of the district court dismissing the suit, and the Louisiana Supreme Court denied writs.
Mr. Pena, subsequently, instituted a claim with the Louisiana Patient's Compensation Fund against Dr. Williams. On October 26, 1998, the medical review panel found that "[t]he evidence does not support the conclusion that the defendant, DR. JAMES T. WILLIAMS, failed to meet the applicable standard of care as charged in the complaint."
On November 12, 1998, Mr. Pena re-instituted suit by filing a new Petition for Damages naming Dr. Williams, Dr. Batherson, Dr. Malina, and the Spine Care Plus, Inc. Mr. Pena and Dr. Williams reached a settlement, and Dr. Williams consequently was dismissed from the suit. Dr. Malina filed a Motion for Summary Judgment. Thereafter, Dr. Batherson filed a Motion for Summary Judgment and Exception of Prescription. Both motions were set for hearing on January 24, 2003. On March 10, 2003, the district court granted the motions and the exception. Mr. Pena now appeals the judgment[1] of the district court dismissing Dr. Batherson, Dr. Malina, and the Spine Care Plus, Inc., from the suit.

DISCUSSION
De novo is the standard of review for motions for summary judgment. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230.
Mr. Pena has raised the following two issues on appeal: 1.) whether the district court erred by granting the Exception of Prescription in favor of Dr. Batherson, Dr. Malina, and the Spine Care Plus, Inc.; and 2.) whether the district court erred by granting the Motion for Summary Judgment in favor of Dr. Batherson, Dr. Malina, and the Spine Care Plus, Inc.? However, the crux of the matter is whether the peremptive period of three years lapsed between the date the injury occurred and the filing of the suit with respect to Dr. Malina, Dr. Batherson, and the Spine Care Plus, Inc., in 1998.
The Supreme Court recently reiterated the difference between preemption and prescription in State Board of Ethics v. Ourso, XXXX-XXXX, p. 4 (La.4/9/03) 842 So.2d 346, 349, where the Supreme Court stated:
Peremption differs from prescription in several respects. Although prescription prevents the enforcement of a right by legal action, it does not terminate the natural obligation (La. Civ.Code art. 1762(1)); preemption, however, extinguishes or destroys the right (La. Civ. *804 Code Art. 3458). Public policy requires that rights to which preemptive periods attach are to be extinguished after passage of a specified period. Accordingly, nothing may interfere with the running of a preemptive period. It may not be interrupted or suspended; nor is there provision for its renunciation. And exceptions such as contra non valentem are not applicable. As an inchoate right, prescription, on the other hand may be renounced, interrupted, or suspended; and contra non valentem applies an exception to the statutory prescription period where in fact and for good cause a plaintiff is unable to exercise his cause of action when it accrues. Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, 1298 (citing Hebert v. Doctors Memorial Hospital, 486 So.2d 717, 723 (La.1986)).
La. R.S. 9:5628(A) specifically sets forth a prescriptive period of one year from the date of injury or date of discovery, and a preemptive period of three years. La. R.S. 9:5628(A) states that:
No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in R.S. 40:1299.41(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect. [Emphasis added]
Clearly, medical malpractice complainants only have three years to file suit against a medical tortfeasor, regardless of the whether there were grounds for interruption of prescription, date of discovery, etc. In the instant case, Mr. Pena filed suit on November 12, 1998, more than three years after the date of injury, which occurred on July 14, 1994. Thus, the preemptive period precludes Mr. Pena from prevailing. Had Mr. Pena filed his claim within the preemptive period, a discussion of whether interruption occurred would be required. However, in light of the strict application of preemptive periods, Mr. Pena had to file his claim within three years of the date of injury in order to maintain his claim. Thus, the claim filed by Mr. Pena was preempted and the Exception of Prescription and the motions for summary judgment were properly granted.

DECREE
For the reasons stated herein, the judgment of the district court is affirmed.
AFFIRMED.
NOTES
[1] Note: The judgment fails to list the Attorney for Dr. Malina, although the body of the judgment states that it is granting a "... Motion for Summary Judgment seeking to dismiss Drs. Batherson and Malina of Spine Care Plus, Inc." Further, two separate motions for summary judgment were filed by Dr. Malina and Dr. Batherson, and only Dr. Batherson filed an exception of prescription.