*210 KNOLL, Justice,
concurring in the result.
| ]With all due respect, while I concur in the result reached by the majority dismissing plaintiffs’ suit, I disagree with the majority’s reliance upon the plurality opinion Borel v. Young, 07-0419 (La.7/1/08), 989 So.2d 42, on rehearing, which has no prec-edential authority to support the holding that the three-year provision in La.Rev. Stat. § 9:5628 is prescriptive, and its reaffirmation of Hebert v. Doctors Memorial Hosp., 486 So.2d 717 (La.1986).[1] For the following reasons. I find plaintiffs’ action is perempted by the clear language of La.Rev.Stat. § 9:5628, and write separately to reiterate my position on the issue of the peremptive nature of La.Rev.Stat. § 9:5628’s three-year provision, which issue remained unresolved in our jurisprudence in light of the lack of precedential authority of the plurality opinion on rehearing in Borel. My position as clearly and expressly reasoned in my concurrence in Borel on rehearing is dispositive of the issue raised in the present case. Given the importance of this issue of peremption and the majority’s reliance on Borel. I find it necessary to once again address the plurality opinion and its flawed conclusion.
|2The plurality opinion on rehearing in Borel concluded the 1987 amendments and reenactment of La.Rev.Stat. § 9:5628 did not substantively change the law and reaffirmed Hebert’s interpretation of the three-year provision as prescriptive, but found that under LeBreton v. Rabito, 97-2221(La.7/8/98), 714 So.2d 1226, plaintiffs’ action had prescribed. I concurred in the result only, finding the plaintiffs’ action was perempted by the clear language of La.Rev.Stat. § 9:5628, as stated by the majority on original hearing in Borel as well as for the reasons contained herein.
The seminal issue raised by the writ in Borel was whether the three-year time limitation contained in La.Rev.Stat. § 9:5628 is prescriptive and, therefore, susceptible to interruption as the plaintiffs suggested, or peremptive.[2] The correct *211 | ^disposition of the issue turned on well-established statutory interpretation as explained in the majority opinion on original hearing.
Considering the plain, explicit language of the statute, the obvious purpose behind the statute, and the readily apparent public policy, which mitigates against suspension, interruption, or renunciation of the time limit and in favor of certainty in terminating causes of action, as discussed in detail in the majority opinion on original hearing in Borel and in my concurrence on rehearing, I find La.Rev.Stat. § 9:5628 establishes a three-year peremptive time period. Because plaintiffs action was brought over three years after the alleged act of malpractice, under La.Rev.Stat. § 9:5628, her action is extinguished by peremption.
Moreover, despite the majority’s reliance on Borel’s reaffirmation of Hebert’s interpretation of the three-year provision as prescriptive, I am still strongly of the opinion that Hebert should be overruled. In Hebert, this Court held that La.Rev. Stat. § 9:5628 is in both of its features a prescription statute. In reaching this ^conclusion, this Court looked to several indicators (structural considerations). First, the Court examined the title of 1975 La. Acts 808 enacting this provision, which stated that the purpose of the act is to establish a new section to provide for a “maximum prescriptive period” with regard to medical malpractice claims, as indicative of the Legislature’s purpose in enacting the particular limitation periods. Second, the Court noted that peremption statutes generally create the right of action and stipulate the delay during which the right may be exercised, and the right of action at issue long preceded the enactment of La.Rev.Stat. § 9:5628.[3] Third, the Court looked for the existence of a claim of a public law nature and a period of less than one year, and La.Rev.Stat. § 9:5628 qualified on neither score. The Court did note that the defendant’s strongest argument in support of peremption was that the language of the statute suggests that peremption is intended, an extinguishment of the right upon lapse of a period of time. The Court found, however, that not one case in the jurisprudence considering the distinction between prescription and per-emption has accentuated the language *212 used in a given statute as determinative of which was intended, and had the legislature meant it to be peremptive it could have so entitled that act rather than calling it “a prescriptive period.” Notably, this reasoning conflicts with La. Civ.Code art. 9 and La.Rev.Stat. §§ 1:3 & 4 on the interpretation of laws. Also, the title to the 1975 Act stated the purpose of the act was to establish a new section to provide a maximum prescriptive period and abandonment with respect to | .¡medical malpractice claims. The term abandonment seems indicative of extinguishment along the lines advanced by the defendant in Hebert. Further, “maximum prescriptive period” suggests the strictest limit available, ie., peremption, and the closest parallel to peremption in French law is called “strict prescription.” Also, the Legislature did not officially adopt peremption into the code until 1982 and may have been hesitant to use the term when the statute was written.
Then, in 1987, within a year of the Hebert decision, the Legislature amended and reenacted La.Rev.Stat. § 9:5628 in an act that dealt primarily with psychologists. The original version of 1987 La. Acts 915 did not contain any amendments to La. Rev.Stat. § 9:5628. The amendments and reenactment first appear in the engrossed version of the bill, and the legislative history of the act reveals the amendments and reenactment were proposed by the House Committee on Health and Welfare to include psychologists in the list of enumerated persons against whom actions for damages arising out of patient care must be brought within the stated time limits and changed the language as to the three-year period from — provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect” — to read — however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.”
Based on my research, this Court, prior to our ruling on original hearing, had never addressed the effect of the amendments and the reenactment, even though this Court had continued to rely on Hebert and even in a footnote in David v. Our Lady of the Lake Hosp., Inc., 02-2675 (La.7/2/03), 849 So.2d 38, stated that the “three-tyeaiy, limitation is prescriptive, not peremptive, citing HebeH, as reaffirmed in State Bd. of Ethics v. Ourso, 02-1978, p. 4 (La.4/9/03), 842 So.2d 346, 349.” Ourso, however, did not address the amendments or reenactment of La.Rev.Stat. § 9:5628. but rather affirmed Hebert’s analysis of the 1975 Act. Also, not relying on Hebert, this Court in Spradlin v. Acadia-St. Landry Medical Foundation, 98-1977, p. 6 (La.2/29/00), 758 So.2d 116, 120, describes the time limitations contained in La. R.S. 9:5628 as “special prescriptive and peremptive periods for malpractice actions.”
Yet, the plurality opinion on rehearing in Borel asserted that for more than twenty years this Court had consistently followed and endorsed the holding in Hebert, which formed jurisprudence constante. This assertion was misleading and in my view wrong because it did not take into consideration the holding in Spradlin that the three-year provision is peremptive and its effect on this so-called formation of jurisprudence constante. Most notably, this Court’s reliance on, discussion of, or citing to Hebert or its three-year prescriptive period analysis has either been in obiter dicta in cases where the three-year provision did not come into play and the discussion of which was not necessary to the resolution of the issues, *213 Perritt v. Dona, 02-2601, p. 15 (La.7/2/03), 849 So.2d 56, 66 (medical malpractice case involving the propounding of interrogatories and exceptions of vagueness or no cause of action); Campo v. Correa, 01-2707, pp. 8-10 (La.6/21/02), 828 So.2d 502, 508-09 (medical malpractice claim brought well within three years from the date of the act of malpractice; directly quoting Hebert in its interpretation of provision); Bailey v. Khoury, 04-0620, p. 8-9 (La.1/20/05), 891 So.2d 1268, 1275 (malpractice suit Hied within a year of child’s birth, well within three years from the act of malpractice); White v. West Carroll Hosp., Inc., 613 So.2d 150, 154-55 (La.l992)(medical malpractice claim brought well within three years), in the interpretation of non-JLMMA7 provisions, State Bd. of Ethics v. Ourso, 02-1978, pp. 6-7 (La.4/9/03), 842 So.2d 346, 350-51 (Campaign Finance Disclosure Act); State Through Div. of Admin, v. Mclnnis Bros. Const., 97-0742, pp. 5-7 (La.10/21/97), 701 So.2d 937, 941-42 (Public Works Act); Segura v. Frank, 93-1271, pp. 17-18 (La.1/14/94), 630 So.2d 714, 726-27 (automobile accident involving uninsured motorists and the LIGA: relying on Hebert’s consideration of the nature of a “pending” lawsuit); Naquin v. Lafayette City-Parish Consol. Government, 06-2227, pp. 16-17 (La.2/22/07), 950 So.2d 657, 668 (Local Government Fair Competition Act; distinction between peremption and prescriptive periods); Exxon Pipeline Co. v. Louisiana Public Service Com’n, 98-1737, p. 14, n. 10 (La.3/2/99), 728 So.2d 855, 863, n. 10 (Public Service Commission; citing Hebert for the principle that Legislative purpose is one of the most significant factors in distinguishing peremptive and prescriptive statutes); Reeder v. North, 97-0239, p. 12 (La.10/21/97), 701 So.2d 1291, 1298 (legal malpractice provision; citing Hebert as authority that contra non does not apply to peremption), or in the application of the pre-1987 version of La.Rev. Stat. § 9:5628, David v. Our Lady of the Lake Hosp., Inc., 02-2675, p. 1, n. 1 (La.7/2/03), 849 So.2d 38, 41, n. 1(1979 blood transfusion); Whitnell v. Silverman, 95-0112. p. 6 (La.12/6/96), 686 So.2d 23, 27 (constitutionality of provision, 1986 malpractice suit); Hillman v. Akins, 93-0631, p. 5 (La.1/14/94), 631 So.2d 1, 4 (all acts of malpractice at issue occurred in 1985 or 1986; cites Hebert as holding discovery rule category of contra non inapplicable to claims brought under La. R.S. 9:5628); Taylor v. Giddens, 618 So.2d 834, 842(La.l993) (1986 malpractice claim arising out of alleged malpractice in 1982; citing Hebert in support of the position that the discovery rule is inapplicable to survival actions filed more than three years after malpractice); Whitnell v. Men-ville, 540 So.2d 304, 308 (La.l989)(claim arising out |sof treatment in 1980; suit filed 1986; distinguishes Hebert); Crier v. Whitecloud, 496 So.2d 305, 307-08 (La. 1986) (1983 malpractice suit);[4] Crier v. Whitecloud, 486 So.2d 713, 714 (La.1986) (1983 malpractice suit; released on the same day as Hebert). Admittedly, Sprad-lin also contains dicta.
Commentators have been critical of the Hebert decision and have also interpreted this provision as peremptive. Frank L. Maraist & Thomas C. Galligan, Jr., Louisi *214 ana Tort Law §§ 10.05, 10.06, n. 12 (2006 ed.); Donald Baron Wiener, Hebert v. Doctors Memorial Hospital: Three-Year Limit on Exercising Medical Malpractice Claims Held to Be Prescriptive, 61 Tul. L.Rev. 941 (1987). At the time of its release, commentators criticized the Court’s decision to focus on structural arguments, while never explicitly addressing the policy concerns underlying La.Rev.Stat. § 9:5628 and whether a peremptive interpretation was necessary to implement them. Wiener, supra, at 948. Policy, however, apparently was the decisive factor; yet, critics commented upon the Court’s failure to discuss policy, which was argued left the impression that the Court’s reasoning was based only on weighing several structural criteria, when in reality those tests were at most only tools for searching for the policy underlying the statute. Id. More disturbing to the critic, though, was the Court’s refusal to be bound by the clear language of the statute, the disregard of which, on its face, was inconsistent with the method of statutory interpretation mandated by the Civil Code. Id. at 948-49. The criticism concludes:
|9In drafting Revised Statute section 9:5628, the legislature specifically considered how far to subordinate private interests to those of society and described how the statute was to function. The legislature decided that, ‘in all events,’ medical malpractice actions would be extinguished after three years. When the legislature makes such an explicit policy judgment and chooses clear language to express it, the court may be abusing its discretion by ignoring that choice. In this case, the court’s purported search to implement the policy behind the statute became, in effect, a review of the legislature’s policy choice. The legislature did not sanction that authority by adopting the peremption conception in 198[2].
Id. at 949.
Moreover, prior to Hebert’s release, commentators perceived the three-year provision as peremptive, explaining:
Statutes of limitations specifically for malpractice suits have been shortened, where none existed they have been enacted, and the discovery rule has been sharply curtailed. The most common approach, instituted in nine states,[5] is reflected in the Louisiana provision. A fixed prescriptive period of short duration (1 year in Louisiana) begins to run upon discovery of injury. Superimposed upon this, however, is a peremptive period of three years from the date of the tort, after which the suit is barred regardless of when discovered.
Kandy G. Webb, Comment, Recent Medical Malpractice Legislation — A First Checkup, 50 Tijl.L.Rev. 655, 673 (1976).
Although prior to Hebert there was no opinion by this Court on this precise issue, the appellate courts did address the issue. Hebert cited to two cases decided by this Court that had “treated § 9:5628 as prescriptive.” 486 So.2d at 723. These cases were Lott v. Haley, 370 So.2d 521, 524 (La.1979), which dealt directly with the retroactive application of La.Rev.Stat. § 9:5628 to an act of malpractice occurring prior to its enactment, and Chaney v. State of La. DHHR, 432 So.2d 256, 258-59 (La. 1983), which did not address peremption, but found plaintiffs’ cause of action brought in 1981 arising out of malpractice, which occurred in 1977, but was not | ipdiscovered until 1979, had prescribed. *215 Interestingly, Chaney affirmed the holding of the First Circuit that found the action for malpractice which was discovered in 1979, but not filed in the courts until 1981, was perempted. Chaney v. State of La. DHHR, 423 So.2d 717, 717-18 (La.App. 1st Cir.1982). Admittedly, this Court specifically found the court of appeal did not err in affirming the judgment of the trial court sustaining defendants’ exception of prescription, but it did not reverse the court of appeal’s finding that the matter was perempted.[6]
Hebert next asserted that the only appellate cases on this issue had decided that La.Rev.Stat. § 9:5628 was a prescriptive statute or assumed it was so. The Court cited Chalstrom v. Desselles, 433 So.2d 866, 868 (La.App. 4th Cir.), writ denied, 438 So.2d 215 (La.1983), which did find that the three-year provision established a simple prescription, and Hernandez v. Lafayette Bone & Joint Clinic, 467 So.2d 113, 114 (La.App. 3d Cir.1985), which cited to Chalstrom as authority for that position.[7]
The Hebert court, however, did not address either Blanchard v. Farmer, 431 So.2d 42, 42-43 (La.App. 1st Cir.), writ denied, 438 So.2d 571 (La.1983), in which the plaintiffs arguments describe the provision as the peremptive period provided by La.Rev.Stat. § 9:5628, and the court found that under La.Rev.Stat. § 9:5628, plaintiffs claim was “barred because it was not filed within three-years of the act of malpractice,”[8] or Valentine v. Thomas, 433 So.2d 289, 291 (La.App. 1st Cir.), writ | ndenied, 440 So.2d 728 (La.1983), which stated “Plaintiff did not discover the alleged act of malpractice until after the three year peremptory period provided in LSA-R.S. 9:5628 had passed; therefore, he was precluded from bringing an action for damages.” While both Blanchard and Valentine primarily concern the applicability and constitutionality of the statute rather than an interpretation of its provisions, these cases, in conjunction with Chaney, indicate a trend in the First Circuit to treat the three-year provision as peremp-tive.
Interestingly, the First Circuit, in Hebert v. Doctors Memorial Hasp., 477 So.2d 1227, 1230 (La.App. 1st Cir.1985), found that the three-year provision did not come into play, so the Court did not need to consider the question of whether the three-year period was prescriptive or per-emptive. In a footnote, the court stated, however, that the question had been addressed: the Fourth Circuit in Chalstrom held the provision prescriptive, but on the other hand, the First Circuit in Blanchard had stated, albeit in dicta, that the period *216 was peremptive, indicating a potential split in the two circuits. Id. at 1230, n. 3. The appellate court did not address either Valentine or Chaney in the note, although it did state that the instant case graphically demonstrated an untoward result of holding the three-year period peremptive in that a plaintiff, who can take advantage of interruption of prescription, may be able to keep his claim alive much longer than the three-year limit imposed on the plaintiffs, who come under the discovery rule. Id. at 1230, n. 3.
In Grant v. Carroll, 424 So.2d 389, 392 (La.App. 2d Cir.1982), the court held that plaintiff’s claim was prescribed by the passage of three years from the date of | ^malpractice, and in Juneau v. Hartford Ins. Co., 458 So.2d 1011, 1013 (La.App. 3d Cir.), writ denied, 462 So.2d 198 (La.1984), the court found the prescription applicable in medical malpractice cases was provided by La. R.S. 9:5628, but the case did not involve the three-year provision.
Thus, a split in the Circuits, particularly the First and Fourth, existed at the time Hebert was decided. Notwithstanding, this Court in Hebert did not address the split, nor was the distinction between per-emption and prescription addressed by this Court in Chaney, even though the appellate court decision in that case clearly determined the action filed three years after the act of malpractice was perempt-ed. Interestingly, prior to our opinion on original hearing in this case, the appellate courts were once again in conflict over the treatment of the three-year provision as either prescriptive or peremptive, as apparently were the holdings of this Court in light of Spradlin. See LeBreton v. Rabito, 94-1440 (La.App. 4 Cir. 2/23/95), 650 So.2d 1245. 1247 (holding the reference in La. Rev.Stat. § 40:1299.47(B)(2)(b) “are to the three year peremption of R.S. 9:5628 along with its one year prescription”); Pena v. Williams, 03-0982, p. 4 (La.App. 4 Cir. 2/4/04), 867 So.2d 801, 804 (holding the three-year provision of La.Rev.Stat. § 9:5628 is peremptive); Borel v. Young, 06-352, p. 5 (La.App. 3 Cir. 12/29/06), 947 So.2d 824, 827 (relying on Hebert in holding the three-year provision prescriptive in nature).
Furthermore, as discussed in the plurality opinion on rehearing in Borel and by the majority in the present case, La.Rev. Stat. § 401299.47(A)(2)(a) provides that “[t]he filing of the request for a review of a [malpractice] claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, ... of the issuance of the opinion” by the panel. However, the statute also provides that a health care provider “may raise any j ]Sexception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.” and “[i]f the court finds that the claim had prescribed or otherwise was perempted prior to being filed, the panel, if established, shall be dissolved.” La.Rev. Stat. § 401299.47(B)(2)(a) and (b)(emphasis added). La.Rev.Stat. § 9:5628 speaks to the time limitations within which a claim for malpractice must be brought. If, as Hebert and the plurality opinion in Borel and now the majority herein find, the time limits are prescriptive, then how could a court under La.Rev.Stat. § 401299.47(B)(2)(b) find the matter was perempted? A reading of these provisions implies exceptions of both prescription and peremption arise from the provisions of La.Rev.Stat. § 9:5628. Such reading would support the conclusion that the three-year provision is peremptive.
Significantly, the language “or otherwise was preempted” was added by 1984 La. *217 Acts No. 435, § 5. Pursuant to its statutory revision authority, the Louisiana State Law Institute substituted “perempted” for “preempted” in 1986. I reviewed the legislative history of 1984 La. Acts No. 435 that added the phrase “or otherwise was preempted” to La.Rev.Stat. § 40:1299.47(B)(2)(b). At the time of the addition, present day La.Rev.Stat. § 40:1299.47(B)(2)(a) and (b) were contained in the same subsection, (B)(2), and prior to the amendment provided:
A health care provider, against whom a claim has been filed under the provisions of this Part, may raise the peremptory exception of prescription in court at any time, without need for completion of the review process by the medical review panel. If the court finds that the claim had prescribed prior to being filed, the panel, if established, shall be dissolved.
The amendment revised the provision as follows:
A health care provider, against whom a claim has been filed under the provisions of this Part, may raise any exception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper | Uvenue The peremptory exception of prescription in court at any time, without need for completion of the review process by the medical review panel. If the court finds that the claim had prescribed or otherwise was preempted prior to being filed, the panel, if established, shall be dissolved.
My review of the history does not provide an explanation for the revision, although I believe it is self-explanatory and supportive of the peremptive interpretation of the three-year provision. Nevertheless, my reading of the provisions of La.Rev.Stat. § 40:1299.47 does not support the holding in Hebert or the plurality opinion on rehearing in Borel, or the majority opinion in this case that the three-year provision is prescriptive.
The plurality opinion on rehearing in Borel also showed an abhorrence to overruling Hebert’s holding on the prescriptive nature of the three-year provision, but did not hesitate to effectively overrule Hebert’s holding on the interruption of prescription by the filing of suit against a solidary tortfeasor. To reach its conclusion. which does effectively overruled a portion of Hebert, the plurality opinion extended the holding in LeBreton, which found that malpractice plaintiffs, as a matter of law. could not benefit by the simultaneous application of the general provision on interruption of prescription found in La. Civ. Code art. 3462 with the specific provision on suspension of prescription contained in La. Rev. Slat. 40:1299.47(A)(2)(a), to the facts of this case. In its criticism of the majority opinion on original hearing in Borel, the plurality opinion on rehearing cited to the principles of jurisprudence constante in its refusal to overrule the Hebert holding as to the three-year provision. However, jurisprudence constante does not give the Court license to perpetuate error as we are bound under our Constitution and the Civil Code to uphold and abide by the law. James L. Dennis. Interpretation and Application of the Civil Code and the Evaluation of Judicial Precedent, 54 La. L.Rev. 1, 10 (1993 — fl994).|fi In my view, the affirmation of the holding in Heberi that the three-year provision was prescriptive was clearly a perpetuation of error as demonstrated by the reasons set forth in my concurrence, because such an interpretation does not uphold or abide by the clear and unambiguous law enacted by the Legislature. Therefore, I would overrule Hebert in its holding that the three-year provision of La.Rev.Stat. § 9:5628 is prescriptive.
*218 Finally, the majority again citing to Bo-rel relies upon the holding in LeBreton, which I authored as organ for the Court. The issue before the LeBreton court was whether the simultaneous application of the interruption and suspension of prescription provisions in the medical malpractice setting was correct. The holding in LeBreton did not exclude the application of the general provisions on interruption of prescription in medical malpractice cases in other instances, just to the situation where the plaintiff sought to benefit by the simultaneous application of the interruption and suspension provisions. Neither in Borel nor in this case did the plaintiffs seek simultaneous application of the interruption and suspension provisions, and the holding in LeBreton does not support the conclusion reached in either the plurality or in the majority opinion in this case. Broadening the holding in LeBreton is further rendered unnecessary by a correct interpretation and application of the three-year peremptive period contained in La. Rev.Stat. § 9:5628.
In conclusion, because peremption may be recognized by the court on its own motion, see La. Civ.Code art. 3460,1 would dismiss plaintiffs action as perempted in accordance with the clear and unambiguous provisions of La.Rev.Stat. § 9:5628.

. Prior to the majority’s reliance on Borel as authority, this reaffirmation had no prece-dential value as Borel on rehearing was a plurality opinion.

. As explained by the majority, the defendants in Borel filed a peremptory exception of prescription in respond to plaintiffs’ suit, which was filed after the three-year period provided in La.Rev.Stat. § 9:5628 had past. In the hearing on the exception, defendants argued plaintiffs' action was perempted. The district court agreed, granting defendants' exception and dismissing plaintiffs' claim against defendants with prejudice on the grounds of per-emption. In its written reasons, the district court stated:
The rules governing the time within which a medical malpractice action can be brought are clearly set forth in La. R.S. 9:5628(A), which provides in pertinent part: No action for damages for injury or death against any physician .... whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect or within one year from the date of discovery of the alleged act, omission or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission or neglect. (Emphasis added)
La. R.S. 9:5628(A) means that in an action against a physician under the medical malpractice act, the plaintiff has one year from the alleged act, omission or neglect or one year from discovery of the alleged act, omission or neglect within which to bring an action. This one year period is, presumably, subject to all of the normal rules applied to suspension and interruption of prescription found elsewhere in the law.
But the second period of time that must be applied to all actions under the medical malpractice act is "peremptive” in nature and may not be interrupted or suspended. No action may be brought once three years *211 have passed after the alleged act of malpractice under any circumstances.
[[Image here]]
The plaintiffs filed suit on March 28, 2002 only against Lafayette General Medical Center. Plaintiffs did not file suit against Dr. Clinton Young and LAMMICO until March 21, 2005, far past three years from the date of the alleged act, omission or negligence and more than three years even after Mary Borel’s demise. The plaintiffs assert that suit was filed after they learned that, as part of its defense, Lafayette General Medical Center plans to offer physician expert testimony to the effect that Dr. Clinton Young’s treatment of Maty Borel fell below the standard of care required under the circumstances. Clearly, under these undisputed facts, any action against these defendants is "perempted" under the provisions of La. R.S. 9:5628(A).

. In this aspect, a commentator challenged the Court's reliance on the “time honored” Guillory v. Avoyelles Railway Co., 104 La. 11, 28 So. 899 (1900), test which set forth two factors in determining the peremptive nature of a provision: (1) an unusually strong public interest that the right limited exist for only a short time: and (2) the statute in question both created a right of action and stipulated the delay during which it could be exercised. The same commentator asserted that the Guillory test should be discarded altogether as it was created in obiter dicta and arguably was based on mere coincidence. Donald Baron Wiener. Hebert v. Doctors Memorial Hospital: Three-Year Limit on Exercising Medical Malpractice Claims Held to Be Prescriptive, 61 TulL.Rev. 941, 947-48 (1987).

. Justice Lemmon was the author of the majority opinion in Crier I which held in accordance with Hebert on the issue of the three-year prescriptive period, However, by the rehearing merely months later. Justice Lem-mon concurs in the majority opinion on the issue of constitutionality of the statutory provisions, but we see his break from the prescriptive school at this point. From then on. Justice Lemmon has treated the three-year provision as peremptive, a position he advances when he authored this Court's opinion in Spradlin.

. Those states were California. Florida, Illinois, Iowa, Louisiana, Ohio, South Dakota, Maryland, Tennessee.

. The Court did reverse the court of appeal’s holding that plaintiffs' claims were perempted as to those claims arising from malpractice that occurred in 1978 and in 1979, and filed within three years of the malpractice and one year from discovery, finding the claims had not prescribed. Chaney, 432 So.2d at 259-60. Notably, the court of appeal did not address the claims arising from the malpractice in 1978 and 1979.

. The Court also cited Billiot v. American Hosp. Supply Corp., 721 F.2d 512 (5th Cir. 1983), for the proposition that appellate cases, albeit federal appellate cases, “assumed” that the statute was prescriptive. Hebert, 486 So.2d at 723.

.The opinion stated that plaintiff "argues that the peremptive period provided by the statute does not begin to run until the discovery of the negligent act. This argument completely ignores the wording in the statute,” and "plaintiff argues that application of this peremptive provision of L.S.A.-R.S. 9:5628 denies him access to the courts and, therefore, the statute is unconstitutional.” Blanchard, 431 So.2d at 43. Notably, although the court found the action was barred, the keycite note includes the phrase by prescription, which is not included in the opinion.